## CHARLES W. MOORE

*v.*

## WILEY HOUSE.

1.  PARTIES—*of a contract for the benefit of a third person—who may sue.* Where a contract not under seal is entered into by two for the sole benefit of a third person, it appears to be a general principle that the latter may sue thereon in his own name, although the agreement may not be directly to or with him.

2.  But where the contract is under seal, the rule seems to be that a covenant can not be sued upon by the person for whose benefit it is made if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made.

3.  CONTRACT *for the benefit of another—construction.*  A party who had taken a contract to build a portion of a railroad, under-let his contract to another, it being agreed that the latter should not re-let any of the work without the consent of the former or of the chief engineer.  The agreement further provided: "In case permission to sub-let is granted, the said

first party (the sub-contractor) shall not in any case be released from responsibility for the wages of men and teams, or the cost of material employed in the work.     *     *     *     The second party (the original contractor), whenever in his opinion it may be necessary to secure to the laborers employed by the first party their wages, is hereby authorized to pay said laborers the amount due them, and deduct the sum so paid from any money due to said first party under the contract." Subsequently, such sub-contractor re-let a portion of the work to a third party, who employed laborers to aid in its completion: *Held*, there was no agreement in the contract between the original contractor and the person to whom he underlet that the latter should pay for the labor employed by the party to whom he might re-let the work.

APPEAL from the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. GEORGE W. WALL, and Messrs. MURPHY & BOYD, for the appellant.

Mr. SAMPLE G. PARKS and Mr. FRED. G. McLAIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellee, before a justice of the peace, against appellant and his partner, to recover for work and labor performed by appellee in the construction of a railroad. It appears that Selah Chamberlain contracted with the Belleville and Southern Illinois Railroad Company to construct forty miles of their road. He underlet his contract to appellant and his partner, who in like manner underlet four miles of this portion of the road to Daily & Tufts, who employed appellee to assist in the performance of labor in completing their contract.

Appellee swears that the work he did w    o  h'  contract with Daily & Tufts; that he was hired    th      1 looked to them for his pay, and to no one el    .l       n he quit work, he settled with them and to       th    ice-bill for the amount due him, which appear    t  h    n $139.85. It also appears that he received    n  Mil ly & Co. $44.05 on

an order from Daily & Tufts upon them to pay a *pro rata* share of funds in their hands to the creditors of Daily & Tufts, but being unable to collect the balance of his claim from them, he sued appellant and his partner as prior contractors, for the recovery of the balance, but only obtaining service on appellant, and on a trial the defendant recovered a judgment for costs before the justice of the peace; and upon an appeal by the plaintiff to the circuit court, he recovered judgment against defendant, who has brought the case to this court on appeal.

It is insisted that notwithstanding appellee made his contract with and looked to Daily & Tufts for his pay, by the terms of the contract between Chamberlain and appellant and his partner, he had the right to sue the latter and recover for his labor on the road. The provisions of the agreement relied upon to create the liability are these:

" The first party (appellant) shall not assign or transfer this contract, or re-let any of said work, without the written consent of the second party (Selah Chamberlain) or the chief engineer, but shall constantly superintend said work in person. And in case permission to sub-let is granted, the said first party shall not in any case be released from responsibility for the wages of men and teams, or the cost of material employed in the work.    *    *    *    The second party, whenever in his opinion it may be necessary to secure to the laborers employed by said first party their wages, is hereby authorized to pay said laborers the amount due them, and deduct the sum so paid from any money due to said first party under the contract."

Is this such a covenant as can be rendered available to appellee so as to enable him to retain the benefit of his judgment?

The doctrine is well recognized that where, by a simple contract entered into by two for the sole benefit of a third

person, the latter may usually enforce its provisions precisely as if made to himself. It is said by Chitty that the rule seems to be materially influenced by the nature of the instrument upon which the contract arises. / If it is not under seal, it appears to be a general principle that the party for whose sole benefit it is evidently made may sue thereon in his own name, although the agreement may not be directly to or with him. 1 Chit. Pl. 5. In a preceding paragraph the rule is stated, if a deed poll, "not *inter partes*, contain a covenant with A to pay B a sum of money, it may be doubtful whether B could sue in his own name. The covenant being with A, though for the benefit of another, and the contract being under seal, it would appear that in such case A should be the plaintiff. The terms of the express covenant seem to vest him with the legal interest; and it is clear that upon a covenant with two persons to pay a sum of money to one of them, they take a joint interest, and must jointly sue upon the covenant."

This contract was under seal, and falls fully within the rule announced in Chitty. The legal interest was in Chamberlain; and even if this could be construed as a direct covenant that appellant and his partner should pay appellee for his work, still it was with Chamberlain, and not with appellee. The decisions have not relaxed the rule so far as to hold that a covenant may be sued upon by the person for whose benefit it is made, if he is not a party to the deed. No such case is referred to by counsel, nor are we aware that any exists; nor do we feel warranted in extending the rule, in the absence of all precedent. For this reason, then, appellee can not maintain the action.

But is this such a covenant as creates such legal privity as would authorize appellee to sue and recover in his own name if it were not under seal? We think not. It will be observed that the covenant is not that appellant and his partner shall pay the laborers who shall perform the work under their sub-contractors, but simply that they should not be released from

their liability to pay for the labor and materials employed in the construction of the road. This agreement was evidently intended as a security to Chamberlain, who was bound to the company for the completion of the road in a given time, and hence retained the power in his own hands to pay the laborers in case it became necessary to do so to carry on the work, and when thus paid, to retain the amount thus advanced from the sum to be paid appellant and his partner under the agreement.

This seems to be the intention, as it leaves Chamberlain the right to exercise his option whether he will pay for the labor or not, as he might choose. The agreement binds neither party to pay the laborers or for materials. Had such been the intention, other and different language would have been employed. We fail to see that the covenant was made for the benefit of appellant, but for the benefit of Chamberlain, who, had he chosen to do so, could have made it of benefit to appellee.

We are therefore clearly of the opinion that the judgment of the court below is not warranted by the evidence, and it is reversed and the cause remanded.

*Judgment reversed.*