## HENRY HARMS *et al.*

*v.*

## WILLIAM G. McCORMICK *et al.*

*Filed at Ottawa October 31, 1889.*

1. CONTRACTS—*executed by an agent—of the form or mode of execution.* Where an agent has power to make leases, under seal, for a term of years, he ought to make them in the name of his principal, and not in his own name, for the reason his agency gives him no interest or estate in the lands, and he can not convey from himself that which he does not have.

2. An agent, in order to work a transfer or conveyance of land, must act under the power given him, and in the name of his principal; and if the execution of the instrument is in his own name, only, then it makes no difference that his representative character is disclosed in the body of the instrument,—it will not pass the legal title.

3. SAME—*execution of a lease—by one for himself, "and as agent" for others—but not signed and sealed in the names of the latter—mutuality.* A executed a lease of property, purporting to be "for himself, and as agent of C, D and E, party of the first part, and F and G, parties of the second part." The lease was signed and sealed only in the name of A, as the party of the first part: *Held*, that as A was the owner of an undivided interest in the property, the lease was binding on him, and was not therefore void for want of mutuality, but was binding on the lessees, after occupancy of the premises without let or hindrance.

4. LEASE—*implied covenants — from the word "demise."* The words "demise" and "demised" in a lease, import a covenant, on the part of the lessor, of good right and title to make the lease, and also imply a covenant for quiet enjoyment.

5. MEASURE OF DAMAGES—*failure of title in lessor—quiet enjoyment by lessee.* On a breach of the covenant in a lease that the lessor has such title as to enable him to give a good lease, when the lessee obtains possession of the premises, and enjoys the quiet use thereof during the term, the measure of damages is only nominal.

6. ALLEGATIONS AND PROOFS—*variance—in description of parties to a lease.* In a suit for rent by four persons, the declaration counted upon a demise made by all the plaintiffs. On the trial, the plaintiffs offered in evidence a lease signed and sealed by only one of them, who was therein described as the party of the first part, acting for himself and the other plaintiffs: *Held*, that such lease was not admissible in evidence, on the ground of variance, the declaration alleging a cause

of action in four, jointly, and the evidence showing a right of action in one, only.

7. PARTIES—*in suit upon a covenant—as to persons for whose benefit the covenant was made, but not parties to the deed.* A covenant can not be sued upon by the person for whose benefit it is made, if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made; and this rule is not abrogated by section 19 of the Practice act, relating to sealed instruments.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. MILLARD F. RIGGLE, for the appellants:

A lease made by an attorney in fact, in his own name, is void. 5 Bacon's Abr. (Leases,) 1, 10; *Combe's case,* 9 Coke, 77; *Clark* v. *Courtney,* 5 Pet. 349; *Frontin* v. *Small,* 2 Strange, 705; *White* v. *Cuyler,* 6 T. R. 177; *Bogart* v. *De Bussy,* 6 Johns. 94; *Martin* v. *Flowers,* 8 Leigh, 158; *Sheldon* v. *Dunlap,* Harrison N. J. Rep. 245.

There is a fatal variance between the lease declared on and the one offered in evidence. *Jeffery* v. *White,* Doug. 476.

Mr. S. P. MCCONNELL, for the appellees:

Where an instrument would be valid without a seal, it is to be treated, though in fact under seal, as mere evidence of a simple contract. *Stowell* v. *Eldrid,* 39 Wis. 614; *Evans* v. *Wells,* 22 Wend. 341; *Insurance Co.* v. *De Wolf,* 8 Pick. 56.

No question is involved as to McCormick's authority to make the lease for himself and his co-tenants. He declares that he is making the lease for himself, and as agent for the others. If McCormick bound himself and the others, then of course the instrument introduced in evidence was the instrument sued on.

It was suggested by appellant's counsel, in the argument on motion for a new trial, that the suit would have been well brought, assuming the lease valid, if McCormick had been the sole plaintiff. As the other co-tenants were interested in the

leasing agreement, and ought to control, with McCormick, the recovery, we venture to suggest that mere technical pleading can not so revolt at the truth as to require the elimination from the suit of all the plaintiffs but McCormick.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this action of assumpsit on a demise of real estate, the appellees recovered judgment for $3000, in the circuit court of Cook county, against Henry Harms and John Marckwardt. From a judgment of affirmance in the Appellate Court for the First District, an appeal is prosecuted to this court.

The substance of the declaration is, that the plaintiffs below, William G. McCormick, Emma L. Smith, Anna R. Blair and Lucy V. McCormick, sue, for that they heretofore demised certain described premises in the city of Chicago to the defendants, for a designated term and at a stated rent, and that $5000 of such rent is in arrear and unpaid, by reason whereof defendants have become liable to pay to plaintiffs said $5000 rent specified in the lease, and being so liable, in consideration thereof undertook and promised to pay the same.

The trial court admitted in evidence, over the objection of appellants, a certain lease dated January 19, 1885. The party clause of said instrument is: "Between William G. McCormick, for himself, and as agent of Mrs. Emma L. Smith, Mrs. Anna R. Blair and Lucy V. McCormick, party of the first part, and John Marckwardt and Henry Harms, parties of the second part." In said instrument, the party of the second part covenant and agree "with said party of the first part, his heirs, executors, administrators and assigns, to pay the said party of the first part, as rent for said premises, the sum of $5200," etc., and there are no covenants therein that indicate that William G. McCormick contracted in the names or on behalf of Emma L. Smith, Anna R. Blair and Lucy V. McCormick, or either or any of them. The *ad testimonium* clause is as follows:

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

W. G. McCormick, [Seal.]<br>John Marckwardt, [Seal.]<br>Henry Harms. [Seal.]"

The objections made to the introduction in evidence of this instrument were, first, that it is void upon its face; and second, that there is a variance between it and the lease or demise stated in the declaration.

*First*—The contention of appellants that the lease is absolutely void, is not well founded. The evidence shows that appellees are tenants in common of the demised premises, William G. McCormick being the owner of an undivided one-fifth interest therein, Emma L. Smith the owner of an undivided one-fifth interest, and the other two appellees the owners of the other three-fifths interest. So William G. McCormick, in executing the instrument, was not acting wholly as a mere agent, but at least in part for himself, as a principal; and in any event, the demise was effective to convey his one-fifth interest in the property. Where an agent has power to make leases, under seal, for a term of years, he ought to make them in the name of his principal, and not in his own name, for his agency gives him no interest or estate in the lands, and he can not convey from himself that which he does not have, and in order to work a transfer or conveyance he must act under the power and in the name of his principal, and if the execution of the instrument is in his own name only, then it makes no difference that his representative character is disclosed in the body of the instrument. 5 Bacon's Abridg. (Leases) 1, 10; *Frontin* v. *Small*, 2 Strange, 705; Same case, Ld. Raym. 1418; *Mears* v. *Morrison*, Breese, 172; *Pensonneau* v. *Bleakley*, 14 Ill. 15; *Speer* v. *Hadduck*, 31 id. 439. Here, the lease is signed and sealed only in the name of one of the appellees, and while it is his deed, yet it is not, and does not purport to be, either signed or sealed by or to be the deed of either of the

other three appellees. The words, "for himself, and as agent of Mrs. Emma L. Smith, Mrs. Anna R. Blair and Lucy V. McCormick," found in the party clause, indicate it was at first contemplated these three parties would join with William G. McCormick in its execution, but they did not do so, either by their own act or that of their agent. There must be mutuality in contracts, and if one party is bound, the other party to the agreement must also be bound; and here, William G. McCormick, who executed the contract in his own name, as party of the first part, was bound, and so there was reciprocity in the agreement. He "demised and leased" the whole of the premises described in the lease, and put appellants into possession, and they held and enjoyed them, without let or hindrance, until they voluntarily abandoned the same. The words "demise" and "demised" in a lease, import a covenant on the part of the lessor, of good right and title to make the lease, and also imply a covenant for quiet enjoyment. (5 Am. and Eng. Ency. of Law, p. 538, title "Demise," note 1, and authorities cited therein; *Gazzolo* v. *Chambers*, 73 Ill. 75.) In this case it is manifest there was no breach of the covenant for quiet enjoyment; and even if there was a breach of the covenant that the lessor had such title as enabled him to give a good lease of the premises, yet as appellants both secured possession of the premises under the lease, and remained in the quiet enjoyment of the same, the damages to be assessed for such breach, if any were claimed, would be but nominal.

The rule which is relied upon by appellants in avoidance of the lease,—that sealed instruments must be executed in the name of the principal, and purport to be sealed with his seal, —is purely technical, and while, as many titles depend upon it, it ought not to be abrogated, yet it should not be extended beyond the decided cases and the principle upon which they are based. In all of the cases cited by appellants, a failure of the agent or attorney to execute the donated power in the mode required by law appears, but in none of them did such

agent or attorney, in addition to the power, have an interest in the property which was the subject matter of the contract. The cases are based upon the ground no interest is conveyed, and consequently the instrument is void; but manifestly that ground does not exist in the suit before us. Where there are tenants in common of land, and one of them executes a lease under seal and in his own name, for the whole of the land, and gives the lessees possession, and such lessees have the quiet possession and enjoyment of the premises during the whole term limited by the lease, we are not prepared to hold such lease is void, and that the lessor can not enforce any of the covenants therein against the lessees.

*Second*—The other claim of appellants—that there is a variance between the lease offered in evidence and the declaration—has more merit. The declaration counts upon a demise made by four persons, the appellees herein. The lease offered to prove such demise, as we understand it, shows a demise by one of them, only. If we are right in this assumption, then too many persons were made plaintiffs in the suit, and there was a fatal variance, the declaration averring a cause of action in four, jointly, and the evidence showing a contract with and right of action in one, only.

It is claimed that the parties for whose benefit a contract is made may sue thereon in their own names, although the agreement may not be to or with them. That is the rule with reference to simple contracts, but not in respect to contracts under seal. The rule is, that a covenant can not be sued upon by the person for whose benefit it is made, if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made. (*Moore* v. *House,* 64 Ill. 162; *Gautzert* v. *Hoge,* 73 id. 30.) That rule was not abrogated by section 19 of the present Practice act. Said section provides: "Any deed, bond, note, covenant, or other instrument under seal, except penal bonds, may be sued and declared upon or set off as heretofore, or in any form of action

in which such instrument might have been sued and declared upon or set off if it had not been under seal, and demands upon simple contracts may be set off against demands upon sealed instruments, judgments or decrees." The only changes made in the law by this statute were to extend the right of set-off, and to allow recovery upon sealed instruments in *forms of action* other than those wherein such recovery might have been had prior to that statute. It did not purport to abolish all distinctions between sealed and unsealed instruments, or to give *a right of action* that did not theretofore exist, but merely provided additional *forms of action* for the enforcement of rights predicated upon such sealed instruments. In *Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 88, this court said: "This section has abolished the distinction between sealed and unsealed instruments, *as to the form of action*." And in *Adam* v. *Arnold*, 86 Ill. 185, said: "Since the act of 1872, the distinction between sealed and unsealed instruments, as to *the form of action* to be brought upon them, has been abolished." The language used in *Dean* v. *Walker*, 107 Ill. 540, to the effect that since the passage of the act it is immaterial for the purpose of bringing a suit by a third person upon a provision for his benefit in a contract made between other persons, whether such contract is under seal or not, is mere *obiter dictum*, as that question was not there involved.

Besides this, we do not understand the covenant to pay rent contained in the deed is such as would authorize the appellees to sue for and recover in their own names, even if the contract was not under seal. The covenant is, "to pay the said party of the first part," and as appears from the party clause, the *ad testimonium* clause, the signature and the seal, the party of the first part to the instrument is William G. McCormick, alone. True it is, that in making the contract he states in the party clause he is acting "for himself, and as agent of Mrs. Emma L. Smith, Mrs. Anna R. Blair and Lucy V. McCormick;" but this would seem, at most, to be but a declaration

of a trust, and shows that the rents covenanted to be paid to him are by him to be held for the use of himself and the other appellees. In 1 Chitty's Pl. p. 5, it is said: "When a contract not under seal is made with A to pay B a sum of money, B may sustain an action in his own name; but if the promise had been to pay A for the use of B, A is a trustee, and B, having no legal interest, can not sue." In *Moore* v. *House*, 64 Ill. 162, the agreement was: "In case permission to sub-let is granted, the said first party shall not, in any case, be released from responsibility for the wages of men and teams, or the cost of material employed in the work." In a suit brought against the "first party" by one who performed labor under the employment of a sub-contractor, it was held the agreement created no such legal privity as authorized a suit by such laborer in his own name.

We think that the court should have sustained the objection to the introduction of the lease in evidence, on the ground of variance. The lease was a sealed instrument, and William G. McCormick, alone, of the appellees, executed it, or was bound by it, and it gave a right of action against appellants to him, only, and the suit was improperly brought in the names of the other appellees, jointly with him.

*Third*—Considerable space is occupied by counsel in the discussion of the testimony bearing upon the defense interposed at the trial, that under an alleged agreement appellants surrendered possession of the premises before May 1, 1886, and such possession was accepted, and in consideration thereof appellants released from the payment of rents from and after said last mentioned date. No objections, however, to the rulings of the court, upon the instructions or otherwise, in respect to this branch of the case, are pointed out, and we have neither authority nor inclination to pass upon the issues of fact discussed.

For the error indicated herein, the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the latter court.                    *Judgment reversed.*