# NATHAN NEUFELD

## v.

## JACOB BEIDLER.

*Landlord and Tenant—Rent—Recovery of—Agency.*

1. An agent can not be personally held upon a contract entered into by him in the name of his principal, he wrongfully representing that he was authorized so to do, unless the same contains apt words to charge him.

2. In an action brought to recover rent due under a lease, this court holds that the defendant signed the same in an official and not a personal capacity, and that the verdict against him can not stand.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. BLUM & BLUM, for appellant.

Messrs. NEWELL & CAMP, for appellee.

MORAN J. This action was brought to recover rent due on a lease dated July 28, 1888. It is recited to be made "between Jacob Beidler, party of the first part, and the Rochester Boot and Shoe Company, by Nathan Newfeld, president, party of the second part." The covenants are all by the "party of the second part," and the *testimonium* clause is:

"Witness the hands and seals of the parties hereto, the day and year first above written."

Signed :  NATHAN NEWFELD, Pres't.    (SEAL.)

GRIFFIN & DWIGHT, Ag'ts.    (SEAL.)

There was a verdict against appellant, and after a motion for a new trial, a judgment rendered thereon for $133, and the case is brought to this court by appeal.

The judgment against appellant can not be sustained. It clearly appears on the face of the lease, that it was executed by the Rochester Boot and Shoe Company, acting through its president and agent, and not by appellant as an individual.

The company is described as the party of the second part, and the seals are described as the seals of the parties to the instrument. Newfeld is nowhere named or described as a party to the instrument, and it contains no words which bind him. In Townsend v. Hubbard, 4 Hill (N. Y.), 351, Chancellor Walworth said that no particular form of words were required to make the deed that of a principal, " provided it appears upon the face of the instrument that it was intended to be executed as the deed of the principal, and that the seal affixed to the instrument is his seal and not the seal of the attorney or agent merely."

The Supreme Court of Massachusetts has decided that an instrument executed as this one is would not bind the agent, without determining whether or not it would bind the principal. Albey v. Chase, 6 Cushing, 54. But in Bradstreet v. Baker, 14 R. I. 546, it is held in a well considered opinion, in which a large number of cases are cited and distinguished, that such an execution will bind the principal. It is contended that appellant is bound for the reason that at the time of the execution of the lease, the company was not in fact organized and therefore could not be bound or give authority to an agent to sign, and that where an agent represents that he has authority, and it turns out that he has not, he will be held. But he can not be held on a contract, unless it contains apt words to charge him. This is clearly decided in Hancock v. Yunkers, 83 Ill. 208. That case, in the feature of the date of the formation of the company in its relation to the date of the lease, is very like this. Here the application to the Secretary of State for the certificate was made on July 28, 1888, the same day that the lease was executed, and the charter or certificate was issued on August 17, 1888, and recorded in the recorder's office September 22, 1888. There the lease was dated January 3d, the certificate of association was dated January 2d, and filed with the Secretary of State January 6th. The Supreme Court held that the company was organized as a corporation *de facto*, and that the trustees who signed the lease, could not be held for the payment of the rent.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*