# GEORGE N. GRIDLEY

v.

# T. H. BAYLESS.

*Real Property—Contract for Sale of—Allegation of Breach—Action for Stipulated Damages—Parties.*

A contract for the sale of realty, providing that in case of default, the defaulting party should pay to the broker of the other party the sum of $7.00 as liquidated damages, this court holds, first, that before a broker could maintain his action for the sum specified, he must prove in addition to the default of the defendant that his principal had performed all that the contract required on his part, or that he was ready to perform, and, second, that the

action should have been brought in the name of the principal, the brokers not having been parties to the contract, which was under seal, although it contained a provision in their interest.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. COOK & UPTON, for appellant.

Messrs. DOOLITTLE, McKEY & TOLMAN and SAMUEL B. KING, for appellee.

MORAN, J. This action was brought by appellee against appellant to recover the sum of $500, alleged to have become due to him by reason of appellant's failure to perform a certain contract with reference to the exchange of real estate. There was a finding and judgment in appellee's favor in the Circuit Court, and the case is brought here and elaborately argued on questions relating to the construction of the contract, whether it ever became operative between the parties to it, and which one was in fact guilty of the breach, if it did become operative. The contract was between Hubbard Parker of the first part, and appellant Gridley of the second part, and the clause under which appellee claims to recover is as follows:

"If either party hereto shall fail or refuse to carry out this contract, he shall forfeit to the other the sum of $500, which shall be accepted as full and complete satisfaction as liquidated damages for such refusal to carry out this contract.

"This provision is made with the approval of the brokers, and if said Parker shall default, the $500 to be paid by him shall go to W. A. Frye, broker for Gridley, and if Gridley shall default, the $500 to go to Col. T. H. Bayless, broker for Parker, the parties not to be liable for commissions if this deal shall not be consummated."

A cause of action for the recovery of said sum of $500 could only accrue to Bayless as against appellant by proof of

the existence of such facts and circumstances as would entitle Parker to maintain an action for breach of the contract, and before Parker could recover for a breach by Gridley, he would be bound to show that he had performed all that the contract required on his part, or that he was ready, willing and able to perform.

There was contention as to this point, and the court was asked by the defendant to hold, and refused to hold, the following proposition as law.]

"First proposition:

In order to hold the defendant liable, under the contract in question, to pay the five hundred dollars ($500) forfeit as provided in the fifth clause of said contract, the said Hubbard Parker must have been able, ready and willing to have carried out said contract on his part at the time of the alleged pretended refusal of said defendant to carry out said contract on his part, and the burden of the proof is upon the plaintiff to prove that said Parker was so able, ready and willing; and in so proving the same he must show, by a preponderance of evidence, that the requisite fact existed, to have enabled said Parker to have maintained a bill against said defendant for the specific performance of said contract, or to have maintained a suit against him for damages for non-performance of the same."

While this is a general proposition not stating the specific acts which Parker should be ready and willing to perform, still it states a correct rule, and the refusal of the court to hold it indicates that the finding in favor of appellee was upon some smaller measure of proof than is required by the proposition. The case presented is not one which warrants this court in sustaining a finding and judgment of the court below, based upon an incorrect view of the law. There is an objection to appellee's maintaining an action on this contract in his own name which seems to have escaped the attention of the parties and of the trial court, and which, as the case is to be sent back for new trial, we will point out. The contract is one under seal, and while it contains a provision for the benefit of Frye or of Bayless, as the refusal to perform the

contract might be by Parker or by Gridley, yet neither Frye nor Bayless is a party to the contract.

"The rule is, that a covenant can not be sued upon by the person for whose benefit it is made, if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made." Harms v. McCormick, 132 Ill. 104, overruling Dean v. Walker, 107 Ill. 540.

Without passing on any of the questions made in the case except the refusal of the court to hold the proposition of law above set out, we reverse the case for that error, and remand it to the Circuit Court.

*Reversed and remanded.*