# E. S. Rice v. Western Fuse and Explosives Company.

64 603
93 ²222

1. APPELLATE COURT PRACTICE—*Errors Waived.*—Where the brief of the appellant fails to urge that any error was committed in rejecting testimony, such errors are waived by silence.

2. AGENTS—*When Personally Liable.*—Where a party acting as an agent makes a contract outside of his authority, it binds him personally, but not his principal.

3. CONTRACTS—*For Purchase of Goods—Prices.*—The fact that the parties had a contract in writing between them for a certain amount of fuse, at certain prices, does not necessarily control the prices of fuse ordered afterward, and with the knowledge that prices had advanced.

**Assumpsit.**—Goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

THORNTON & CHANCELLOR, attorneys for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

It is a well established rule of law that a party signing a contract in the manner this was signed makes himself personally liable. The words " Agent, etc.," are merely descriptive.

In Powers v. Briggs, 79 Ill. 493, the action was on the following note:

" One year after date, we, the trustees of the Seventh Presbyterian Church, promise to pay to the order of H. G. Powers six hundred dollars, value received, with interest at six per cent per annum.

> A. H. BRIGGS,
> LOUIS B. KELLEY,
> JOHN CORBETT,
> F. D. MARSHALL,
> Trustees."

The trustees were held personally liable, although it was shown the debt was that of the church.

To the same effect are Wheeler v. Reed, 36 Ill. 81;

Bickford v. Bank, 42 Ill. 237; Trustees v. Rantenberg, 88 Ill. 219; Hypes v. Griffen, 87 Ill. 134; McNeil v. Shober Co., 144 Ill. 238; same case, 44 Ill. App. 297; Williams v. Miami Co., 36 Ill. App. 107.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

February 2, 1891, these parties, the appellant being described as " E. S. Rice, Gen'l Agent for E. J. Du Pont de Nemours & Co., * * * party of the second part," in the body of the paper, and signing it "E. S. Rice, General Agent," made an agreement in writing, by which the appellee agreed to deliver to the appellant—if the agreement is to be treated as personal with him—fuse in Chicago, " it being understood that the present prices for such fuse * * * shall be " so and so.

June 12, 1893, the appellant telegraphed for two hundred and seventy-five cases of fuse, to which appellee replied the next day that it would ship, but at prices considerable higher than those named in the agreement. The appellant, on the next day, answered, " Ship at once. Drainage work on. Must have fuse."

The appellee shipped the fuse, and the appellant sent his check for it at the old prices, but refused to pay the residue; hence this suit.

The appellant testified somewhat, and desired to testify more, as to his authority to act as agent for Du Pont; but the brief of the appellant does not urge that any error was committed in rejecting testimony. We need not, therefore, consider such a question. It is waived by silence. Cook v. Moulton, 59 Ill. App. 428.

The testimony he did give is not enough to show that he had authority to make for Du Pont such agreement. It therefore binds him personally. Wheeler v. Read, 36 Ill. 81. Apt words are in it to charge him, in which respect it is unlike Neufield v. Beidler, 37 Ill. App. 34, and other cases cited by the appellant in which it has been held that the person signing was not personally bound.

His second point is that the higher price can not be recovered. He ordered at that price. The prices named in the agreement were only present prices, with no implication even that they would continue. There was no duress even under the extreme doctrine of Pemberton v. Williams, 87 Ill. 15.

There it was the one and only deed that the plaintiff must have. Here the world was open for the appellant to search for fuse. The bargain he made, by ordering the fuse after being informed of the price, he must abide by.

Cases, that offers by correspondence can not be retracted, if accepted promptly before notice of retraction, have no resemblance to this. These are the only points argued, and the judgment is affirmed.