## Francis T. Murphy et al. v. Christian Kohlsaat et al., Trustees, etc.

1. MECHANICS' LIENS—*Lien Attaches only to What is Used.*—A person who furnishes labor or materials to a building contractor, for use in constructing a building, takes the risk as to the use such labor or materials shall be put to, and a mechanic's lien attaches only for such part thereof as is actually used in such building.

2. SAME—*Proportionate Compensation for Partial Performance.*—A decree for a mechanic's lien found that it was " wholly impracticable to estimate the compensation for the part performed in proportion to the price stipulated for the whole." *Held*, that under such circumstances a decree for a lien should have been refused, as it is only for compensation in such proportion that the lien is given.

3. SAME—*Contracts Under Seal with Persons Other than the Owners.*—The husband of the owner of a lot entered into a contract under seal for the performance of services in the construction of a building on such lot. *Held*, that on an instrument under seal remedies are confined to the parties to it, and that no lien attached.

4. ASSIGNMENT OF ERRORS—*On Several Decrees Rendered in the Same Suit.*—It is not a proper assignment of error to say that all of the several decrees, in favor of different complainants in the same suit, are wrong.

**Mechanic's Lien** proceedings.  Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Heard in this court at the October term, 1896.  Reversed in part and affirmed in part.  Opinion filed February 1, 1897.

M. A. DEMPSEY and WILLIAMS, LINDEN, DEMPSEY & GOTT, attorneys for appellants.

HOLLETT & TINSMAN, attorneys for appellees Gray, Tuthill & Co., William G. C. Lanpher and Wm. E. Barnard.

Bulkley, Gray & More, attorneys for appellee Compound Lumber Co.

Mr. Justice Gary delivered the opinion of the Court.

This suit began in the Circuit Court as a petition by the Ketcham Lumber Company against Francis D. Rood and others for a mechanic's lien. A great many parties got into it; among others the appellants, as owners of the fee if all incumbrances were off.

The appellee above named has no interest in any question to be considered on this appeal.

It appears that the building, for the construction of which liens are claimed for labor and materials, was never finished; how far it stops short we do not find stated in the case.

The questions in the case are under the law as it stood before the revision of June 26, 1895.

When all parties had got their pleadings in the cause was referred to a master, who reported that the Compound Lumber Company, which had furnished mill work to the amount of $3,559.33, was not entitled to any lien, because $1,600, which had been paid to that company, more than paid for all that the company had furnished which had actually gone into the construction of the building. The court sustained exceptions to the report, not upon any difference between the court and the master as to the fact, but upon the ground that the "Compound Lumber Company fully completed its contract" and that the then owner "upon the delivery of said materials, took possession of the same and proceeded to incorporate the same into said building, which was then in course of construction."

There was no conflicting testimony as to how much of the material went into the construction of the building; what testimony there was upon the subject accorded with the finding of the master. It must have been the theory of the court that the Compound Lumber Company, having furnished the materials in compliance with its contract, incurred no risk as to the use they might be put to; a true theory as to the liability personally of the purchaser, but inapplicable to

the question of lien upon the premises. Such lien attached only for what was annexed. Coleman's Mechanic's Lien, Sec. 105 *et seq.*

" Furnish labor or materials  *  *  *  in building," was the language of the statute.

Now the finding of the court that the then owner " proceeded to incorporate," gives no idea of how far she went, though there may be an implication as to the intent she had in starting. The lien given by the decree to that company is wrong.

The master reported in favor of Henry G. Sohns a lien for a balance of $217. The court found that he had a contract for steam heating " for the lump sum of $6,800;" " that the reasonable value of the materials furnished and labor performed was $702.54; " that " he discontinued said work without any default on his part;" and that it was " wholly impracticable  *  *  *  to estimate the compensation for the part performed in proportion to the price stipulated for the whole."

Under Sec. 11 of the act as amended in 1891, such impracticability is a bar to a lien, for it is only for compensation in such proportion that the lien is given. Therefore the decree in favor of Sohns is wrong.

The premises on which liens are claimed were at the time of the various transactions owned by Annella Rood, wife of Francis D. The latter and David Walsh entered into a contract under seal, by which Walsh undertook the performance of services in the construction of the building, and Francis D. covenanted to pay Walsh for them. It is settled in this State that at law, on an instrument under seal, remedies are confined to the parties to it. Moore v. House, 64 Ill. 162; Harms v. McCormick, 30 Ill. App. 125, *contra*, reversed in 132 Ill. 104.

And in New York, where, under the code, law and equity are mingled, the same rule is held. Briggs v. Partridge, 64 N. Y. 357.

In Rhode Island, on the equity side of the court, also. City of Providence v. Miller, 11 R. I. 272.

The waiving of the point in Campbell v. Jacobson, 145 Ill. 389, is not authority to the contrary. The decree in favor of Walsh is therefore wrong.

It is only as to the three decrees we have mentioned that error is separately assigned; nor is it apparent that as to the others any substantial injustice is done. The assignments of error by which they are questioned are only that all of the several decrees are wrong, specifying some particulars why.

Each appellee is independent of every other. It is no good assignment of error to bunch them and say they are all wrong.

See the subject of assignment of errors treated under that title in 2 Ency. Pl. & Pr., 920.

The three decrees—one in favor of Compound Lumber Company, one in favor of Henry G. Sohns, and one in favor of David Walsh—are reversed.

The other decrees shown by the record are affirmed.

The whole costs here will be added together, and the appellant will pay one-half of them, and the Compound Lumber Company, Henry G. Sohns and David Walsh will each pay one-sixth of them. The form of the judgment to arrive at that result need not be stated here.

Reversed in part and affirmed in part.