# Hillsboro Building and Improvement Association v. Louis Simmering.

1. PARTIES—*Contracts Sealed and Unsealed—Who May Sue On.*—The party for whose benefit an unsealed contract is made, may sue thereon in his own name, notwithstanding the contract may not be with him; if the contract is under seal it can not be sued on by the party for whose benefit it is made, if he is not a party to the deed, but the suit must be brought in the name of the person with whom the agreement is made.

Assumpsit.—Appeal from the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

HOWETT & JETT, attorneys for appellant.

THOMAS WILLIAMSON and ZINK & KINDER, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

On the 27th day of July, 1891, James Shears, being the owner of lot five (5) block seven (7) in Beeler's 4th Addition to Litchfield, in Montgomery county, State of Illinois, and being indebted to appellant in the sum of $422.54, in order to secure the payment of the same, made, executed and acknowledged his certain mortgage indenture, of the same date, which was filed for record in the recorder's office of Montgomery county, on the 4th day of August, 1891. Shears not being able to make the payments as they became due under the provisions of the mortgage, on the 17th day of December, 1894, made, executed and acknowledged a warranty deed to convey the premises mentioned in the mortgage. There was no grantee named in the deed. Shears, after executing and acknowledging the deed, delivered it to Wm. J. King, the notary public who took the acknowledgment, who was also a real estate agent, and authorized him to insert the name of any one to whom he

might sell the premises as grantee. A short time thereafter, King delivered this deed to one Sutton, a real estate agent, and authorized him, by virtue of the authority given him by Shears, to insert the name of any one to whom he might sell the premises as grantee. Subsequently, Sutton sold the premises to appellee herein, and inserted his name in the deed as grantee, and delivered it to him. The deed was filed for record in the recorder's office in the county of Montgomery, where the premises were situated on the 17th day of April, 1896. Appellee, some two or three months after this, sold and conveyed these premises to a Mr. Givens, of St. Louis, for some lots in Bowling Green, Mo. Shears had five shares of stock of eighth series, 916, in appellant's corporation, which was also assigned to appellee by Shears.

The last clause in the deed from James Shears to Louis Simmering, appellee, is as follows: "Subject to a certain mortgage in favor of the Hillsboro Building and Improvement Association, and taxes which grantee assumes and agrees to pay." This suit was brought in assumpsit on this clause or covenant. The case was tried by the court without a jury, and judgment rendered against the appellant for costs.

It will be observed that the covenant sued on in this case is between James Shears and Louis Simmering, and not between appellant and appellee. Suit is brought by the mortgagee against the grantee in the deed containing the covenant sued on. The instrument is one under seal. Although the rule is that in cases of a simple contract, parties for whose benefit the contract is made may sue thereon in their own names, notwithstanding the contract may not be with them, yet if the covenant is under seal it can not be sued on by the person for whose benefit it is made, if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made. Harms v. McCormick, 132 Ill. 104; Gautzert v. Hoge, 73 Ill. 30; Moore v. House, 64 Ill. 162. This suit should have been brought in the name of James Shears, or James Shears for the use of appellant.

We are aware that a different doctrine than herein announced was held in Dean v. Walker, 107 Ill. 540. But what is therein said on this subject is overruled in Harms v. McCormick et al., *supra.*

The judgment of the Circuit Court is affirmed.