## Gertrude S. Walker v. Jacob L. Kesner et al.

1. PLEADING—*In Covenant.*—A declaration in covenant which fails to allege that the defendant entered into a covenant is bad.

2. SAME—*Liability in.*—The tendency of our courts is toward a greater liberality in matters of pleading, in order that substantial justice may be speedily done; but they have not as yet so far departed from the common law rules of pleading as to permit a recovery in covenant under a declaration which sets up a breach of implied warranty or a tort.

3. COVENANT—*Where the Action Will Not Lie*—Where a person has not engaged by deed to perform a covenant, the action will not lie against him.

Covenant.—Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 14, 1899.

Statement.—Appellant, as lessor, demised premises to "The Boulevard Phœnix Club" as lessee, by a written lease. The lease was signed as follows, after the signature of the lessor: "The Boulevard Phœnix Club, by Milton A. Strauss, Pres.; Arthur Stein, Secretary. For rent due upon this lease, appellant brought this suit against Milton A. Strauss, Arthur Stein and fifteen others as co-defendants in an action of covenant. Each count of the declaration alleged that these defendants, "pretending to be directors, officers and agents of 'The Boulevard Club,' did assume to exercise corporate powers and to use the name of a pretended corporation without having theretofore complied with an act of the State of Illinois entitled, 'An Act Concerning Corporations,' being part of Chapter 32, Revised Statutes of the State of Illinois, which prescribes and regulates the manner and means in and by which corporations may be lawfully organized and authorized to do business;" each count sets out a failure to file in the office of the recorder of deeds of Cook county, in which county was located the principal place of business of said pretended corporation, a certificate from the Secretary

of State of the State of Illinois, of the complete organiza-
tion of such corporation; each count alleges that " so assum-
ing and pretending as aforesaid, the defendants did lease
by indenture of lease from the plaintiff," etc.; and each
count makes the written lease a part of the count. The de-
fendants interposed demurrers to each count of the declara-
tion. The trial judge sustained the demurrers as to each
count, and, appellant electing to stand by her declaration,
a judgment was entered against her for the costs, from
which judgment this appeal is prosecuted.

CHARLES F. DAVIES and JOHN B. BRADY, attorneys for
appellant.

FELSENTHAL, D'ANCONA & FOREMAN, attorneys for Jacob
L. Kesner and Siegfried H. Kirchberger, appellees.

JULIAN W. MACK, attorney for Modie J. Spiegel, Milton
A. Strauss and Albert L. Strauss, appellees.

A. BINSWANGER and ELMER E. JACKSON, attorneys for
Oscar G. Foreman, Benjamin Hillman, Sidney Lowen-
stein, et al., appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the
court.

Without discussing appellant's possible right of recovery
against appellees in another form of action upon the facts
disclosed by the declaration, it is enough to say that it ap-
pears from the declaration, and from each count thereof,
that appellees did not enter into any covenant whatever
with appellant, and hence that the declaration in covenant
was bad. Here the defendant has not engaged by deed to
perform the covenants, and consequently covenant will not
lie. Butnett v. Lynch, 5 Barn. & C. 589; Moore v. House,
64 Ill. 162; R. R. I. & St. L. R. R. v. Beckemeier, 72 Ill.
267; Hancock v. Yunker, 83 Ill. 208; Neufeld v. Beidler,
37 Ill. App. 34; McCormick v. Seeberger, 73 Ill. App. 87,
Seeberger v. McCormick, 178 Ill. 404; Murphy v. Kohl-
saat, 68 Ill. App. 579.

The learned trial judge properly sustained the demurrers.

The tendency of the courts may be toward a greater liberality in matters of pleading in order that substantial justice may be speedily done, but our courts have not as yet so far departed from common law rules of pleading as to permit a recovery in covenant under a declaration which sets up a breach of implied warranty or a tort.

Our statute of amendments is broad and liberal and is liberally interpreted. There was nothing to prevent a curing of the error in pleading after the demurrers had been sustained.

The judgment is affirmed.