## American Splane Co. v. Lizzie W. Barber.

91   359
a194s  171

1. PARTIES—*To Actions at Common Law—Contracts Under Seal.*— At common law a party can not maintain an action in assumpsit on a contract under seal to which he is not a party.

2. SAME—*To Actions on Contracts Under Seal—Change of the Common Law Rule.*—Under section 19 of the practice act it is immaterial for the purpose of bringing suit by a party beneficially interested, whether the contract upon which he sues is or is not under seal.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

Statement.—The following contract in writing was made, and furnishes the basis of the suit, the L. W. Barber therein referred to being the appellee:

" This contract, made at Chicago, in the State of Illinois, by and between the American Splane Company, a corporation duly organized and doing business under and by virtue of the laws of the State of Illinois, in said city and State, or its successors or assigns. party of the first part, and E. A. Barber of Humboldt, State of Kansas, party of the second part,

Witnesseth :    That for and in consideration of the premises and agreements hereinafter contained to be kept and performed by said second party, said first party agrees to employ said second party for the sale of its goods, known as school apparatus, in the territory hereinafter described, during the period commencing on the 26th day of May, 1896, and terminating on the 26th day of May, 1897, and said first party also agrees to bill said goods to said second party at the following wholesale prices, to wit, forty per cent discount from the regular list retail prices.

Said first party also agrees to pay said second party a salary of $125 per month, together with all necessary expenses of carrying on the business, the same to be payable monthly, when monthly reports are rendered.

Said first party also further agrees to pay said second party a profit of ten per cent on all sales made by him or his agents during the term of this contract, which shall be due and payable monthly, the same as salary.

Said second party shall, when this contract is signed, procure L. W. Barber, wife of said E. A. Barber, to pay said first party $1,000 on account of the stock of said goods to be carried under this contract, and shall keep said sum of $1,000 so invested during the term of this contract, but it is understood and agreed that said first party shall furnish and consign to said second party, from time to time, such quantities of goods as may be required to meet the additional demands of the trade, and keep on hand an aggregate stock averaging at least $2,000 during the term of this contract.

Said second party agrees to devote himself exclusively to selling and furthering the sale of said goods to the best of his ability, and promises to render competent and efficient service to said first party during the period above mentioned.

It is understood and agreed that said second party in selling said goods may allow his agents and salesmen a discount of forty per cent from the regular list retail prices, and also that said first party shall accept as cash any valid

American Splane Co. v. Barber.

school warrants taken by said second party in the sale of said goods.

Said second party shall, at the end of each month hereunder, file with said first party a full and correct report of all business transacted, goods sold and expenses incurred, and shall accompany such report with a remittance for all goods sold during the month, less deduction for salary, expenses and commissions, and said second party shall also file with said first party any other reports, papers and documents pertaining to the business, in such manner and at such times as said first party may from time to time request, and it is expressly understood and agreed that time is of the essence of this contract.

Said second party shall establish and maintain his office for the transaction of business hereunder in St. Louis, in the State of Missouri, and shall conduct his operations hereunder within Missouri, Southern Illinois, and such other territory as may be mutually agreed upon from time to time, working in the different portions of same as said first party may advise from time to time.

It is further understood and agreed that at the expiration of this contract, said first party shall relieve said L.W. Barber of her interest in said goods, and shall pay her therefor the price they have cost her, namely, $1,000.

In witness whereof the said parties have hereunto affixed their hands and seals, in duplicate, this 25th day of May, 1896.

American Splane Company,

[Corporate Seal.]      By F. L. Munroe, Sec. & Treas.
E. A. Barber. [Seal.]

I hereby agree to the conditions of the above contract and will invest the money as therein provided.

Witness my hand and seal this 25th day of May, 1896.
L. W. Barber. [Seal.]
By E. A. Barber,
Her attorney in fact."

James H. Teller, attorney for appellant.

David H. Stapp and Newcomer & Dellenback, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

The declaration in assumpsit counted specially on the

contract, and contained, also, the common counts. The trial was by the court and a jury, and a judgment for $1,097.92 was rendered upon a verdict for that amount.

It will be observed that the contract was for a period of one year, terminating May 26, 1897. The suit was begun August 26, 1897. It will also be noticed that the contract is sealed.

Appellant's preliminary point is that appellee can not maintain an action in assumpsit on a contract under seal to which she is not a party.

Assuming, as appellant does, that appellee is not a party to the contract, and also, that the contract is not only under seal, but is of a character requiring a seal, the rule at common law, and formerly in this State, would not have permitted her to maintain a suit upon it even though the contract was for her benefit. Moore v. House, 64 Ill. 162, and subsequent cases.

But since that case was decided the common law rule has been changed, on that subject, by section 19 of the practice act, and it is now immaterial, for the purpose of bringing the suit, whether the contract is under seal or not. Webster v. Fleming, 178 Ill. 140.

It needs, we think, only that the contract be read in order to show that appellee was benefited by it, and intended so to be.

It was agreed by E. A. Barber that his wife, the appellee, should pay appellant $1,000 on account of the stock of goods to be carried in the business, and that at the expiration of the contract appellant should repay to her the sum so paid by her. She agreed to the contract and invested the money on those conditions.

Whether or not, as discussed, the contract became terminated before the expiration of the year expressly provided for its ending, by reason of any default or breaches on the part of either the appellant or E. A. Barber, does not seem to be material in connection with the right of appellee to recover back her money, in a suit not begun by her until some months after the year had expired, and the contract

Prudential Ins. Co. v. Haley.

by its terms had ended. She seems to have performed everything required to be done by her. But appellant says there was no evidence to support the third count of the declaration wherein the expiration of the contract by its own terms is alleged. This seems to us to be a misapprehension. The contract was offered and received in evidence. On its face that paper expressly provides for the beginning of the contract on May 26, 1896, and its ending on May 26, 1897. The receipt signed by appellant for the $1,000 furnished by appellee "on account of contract" was also offered and received in evidence and bears the same date as the contract. It would seem to be plain, almost beyond argument, that the purpose of the contract was, as between the parties to this suit, that appellee should furnish appellant $1,000, to aid in carrying on the business for the term of one year, and at the expiration of that period should receive it back. She so furnished the money and the time having run, it not being repaid to her, she brought suit for it.

It is also objected that incompetent evidence was admitted to the jury, and that a new trial should have been granted because of facts set up in an affidavit read on the hearing of the motion for a new trial.

We have examined both of these points. Nothing but familiar law is involved in them, and we decline to incumber our opinion with a discussion of them.

The judgment is right and it is affirmed.