## Wesley Palmer, Fred Lucas and Ben Gaines, Trustees of Dell Lodge No. 422, Knights of Pythias, Appellees, v. Herbert L. Baum, Appellant.

### Gen. No. 7,872.

1. EVIDENCE—*parol evidence inadmissible to show taxes not incumbrance.* Where statutory warranty deed was executed in March, 1923, parol evidence was not admissible to show that taxes for 1922 were not to be treated as an incumbrance warranted against, in view of Cahill's St. ch. 30, ¶ 9; ch. 120, ¶ 268.

2. COVENANTS—*agreement for net price as requiring grantee to pay taxes.* Agreement prior to deed for a net price was not evidence that creditor was not to pay taxes for previous year.

3. COVENANTS—*measure of damages for breach of warranty.* Where statutory warranty deed was executed and grantee was compelled to pay taxes for previous year, grantee was entitled to recover full damages consisting of taxes and penalties paid.

4. PARTIES—*trustees of lodge could sue for breach of warranty.* Trustees of a lodge could "as trustees" sue grantor in deed for breach of warranty against incumbrance, though the lodge and not the trustees was named as grantee in the deed.

5. JUSTICES OF THE PEACE—*any assumed facts supported by evidence authorizes recovery.* Any assumed state of facts supported by the evidence will authorize a recovery before a justice of the peace, no written pleadings being required.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed June 27, 1925.

GUNN, PENWELL & LINDLEY, for appellant.

HUGH E. BOUTON, for appellees.

MR. JUSTICE CROW delivered the opinion of the court.

This case comes on appeal from a judgment rendered by the circuit court, tried upon an appeal from the judgment of a justice of the peace. In both courts judgment was rendered for appellees against the appellant for the sum of $80.07 and for costs. The case was tried without a jury upon stipulation of facts,

two propositions of law being presented and both refused.

The facts as stipulated are: Baum conveyed by statutory warranty deed under seal, to "Dell Lodge No. 422, Knights of Pythias, of Sidell, Illinois," a piece of ground decribed by metes and bounds for a consideration of $3,500; the deed contained no reservation or exception as to taxes. It was dated March 13, 1923. The taxes for the year 1922 at the delivery of the deed were unpaid and with interest and penalties amounted to $80.07. That sum was paid by the master of the exchequer of the lodge upon an order of the three plaintiffs (appellees) as trustees of the lodge. The suit was brought by Wesley Palmer, Ben Gaines and Albert Parnham as trustees of Dell Lodge No. 422, Knights of Pythias. The order of Knights of Pythias is organized in the manner following: The Supreme Lodge is a corporation organized under the laws of the District of Columbia and the grantee in the deed operates under a charter or license issued to it from the Supreme Lodge, Knights of Pythias, of Washington, D. C.

Previous to the making and delivery of the deed and payment of the consideration therefor, defendant first negotiated for the sale of the property with one George Stoughton and made a proposition to him to sell the lot for the sum of $3,500 net, and upon said offer not being accepted, he made an offer to Wesley Palmer, one of the trustees and plaintiff in the suit, in which he offered to sell said property for the sum of $3,500 net, and later, upon payment of that sum to him, he executed a statutory warranty deed.

Defendant asked the court to hold, as law, that the plaintiffs if entitled to recover would in no event be entitled to more than nominal damages for the alleged breach of the covenant under the stipulation; and that plaintiff cannot recover at the suit of Palmer, Gaines and Parnham, trustees of the lodge, as plaintiffs against the defendant for breach of covenant against

incumbrance upon a deed in which the grantee is named as "Dell Lodge No. 422, Knights of Pythias, of Sidell, Illinois."

Appellant assigns six errors on the record: (1) Refusal to hold the propositions of law; (2) finding the issues for the plaintiffs; (3) rendering judgment for the plaintiffs; (4) the judgment is contrary to the law; (5) the judgment is contrary to the facts; (6) the judgment is contrary to the law and the facts.

It is first contended by appellant that the consideration expressed in the deed is a mere formal recital to avoid a resulting trust and it may, therefore, be explained, varied or contradicted by parol evidence as to the actual consideration. It is urged that as a result of this principle or rule of law, the consideration expressed in the deed being $3,500 net, it was contemplated by the parties that the grantor was exempted from the consequences of his covenant to the grantee against all incumbrances imputed to him by clause 2 of section 9 of the Act concerning Conveyances [Cahill's St. ch. 30, ¶ 9], and the grantee was bound to pay the taxes.

The purpose of the act was to simplify all conveyances, and probably to save expenses of recording the former lengthy and prolix instruments conveying real estate. Under the old form the express covenant would have been in the deed, unless by mutual consent it had been omitted. The conveyance here employed "was the ordinary statutory form of warranty deed under seal and contained no reservation as to taxes." The legal consequences of such a deed is by the legislature declared to be: "Every deed in substance in the above form, when otherwise duly executed, shall be deemed and held a conveyance in fee simple to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power

to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives as fully and with like effect as if written at length in such deed." Cahill's St. ch. 30, ¶ 9.

Looking at the statute quoted as part of the contract of appellant, no support is found for his contention. The taxes were an incumbrance. They were a lien from the first day of May preceding. Cahill's St. ch. 120, ¶ 268. They were unpaid and interest and penalties for nonpayment had accrued. If the obligation imputed to him by the statute had been expressly stated at large in his deed we assume no lawyer would undertake to vary or explain it by parol evidence. We are unable to perceive any reason for allowing him to vary or explain away the declared legal consequences of his undertaking.

But appellant contends that the agreement for a net price is evidence he was not to pay taxes. Having held he cannot show such exemption, not having expressly written it in his deed, we would not consider that contention but for the sincerity of counsel for defendant in making it. He received the net price he contracted for. It was paid in cash. When he dealt with Stoughton and afterward with Palmer, Stoughton having failed to complete the bargain, we may conjecture from general knowledge of such transactions he supposed or feared he was dealing with them as agents for an undisclosed principal. He was willing to sell but was not willing to pay anything for finding a purchaser. By the terms of his contract as stated in the stipulation he got what he demanded. But the suit now is not for recovery of commissions, or for any money due upon the agreement between him and Palmer. His liability, as found by the circuit court, is

for breach of his written contract or warranty of a good title free from incumbrance. The first contract was not breached, the latter was and out of that breach this action arose. We think counsel concede this when they say in their brief, and asked the court to hold, that under the law and the facts, plaintiffs are entitled to recover only nominal damages for the alleged breach of contract, if entited to recover. If there was no breach, they could recover nothing. If there was a breach they should recover full damages, the measure of which is correctly stated in the stipulation upon which judgment was rendered. The court did not err, therefore, in refusing the proposition of law submitted containing that principle.

The second contention of appellant is, the court erred in refusing the following proposition: "The court holds as a proposition of law that the plaintiff in this case cannot recover at the suit of Wesley Palmer, Ben Gaines and Albert Parnham, Trustees of Dell Lodge No. 422, Knights of Pythias, as plaintiffs against defendant in an action for breach of covenant against incumbrances upon a deed wherein the grantee is named 'Dell Lodge No. 422, Knights of Pythias, Sidell, Illinois.' "

It is stipulated the suit was prosecuted by the individuals as trustees of Dell Lodge, No. 422, Knights of Pythias, and that the master of the exchequer (the treasurer) of the lodge, upon the order of the three trustees, *as* trustees, paid the amount of taxes, interest and penalties. The purpose in paying was to protect the property of the lodge from sale by reason of the delinquent taxes. As trustees generally, it was their duty to do so. It might well be that, if the deed had been made to the trustees and a suit brought in the name of the lodge, a recovery could not be had. The lodge could not be a representative of the trustees. But it would not follow that title conveyed to the lodge would not vest in the trustees. In the popular as distinguished from the restricted sense, the term

"trustee" is used with regard to persons whose duties, obligations and relations do not make them technically trustees. 39 Cyc. 19. But the parties to this controversy were not using the term in any vague or popular sense. With them it was matter of serious import, recovery of a just debt, money claimed due from defendant as damages for a breach of his covenant deliberately entered into. This was known by defendant when he made the stipulation for the purpose of the trial. He seeks to evade it by going beyond the instrument containing his covenant. Failing in that, he seeks refuge in the proposition that the deed having been made to the lodge, its trustees "as trustees" are not the proper parties to compel reparation.

In support of the contention on this branch of the case, *Harms v. McCormick* 132 Ill. 104, is relied on. The case does not support it. That was an action of assumpsit by William G. McCormick, Emma L. Smith, Anna R. Blair and Lucy V. McCormick for rent of premises upon a demise alleged in the declaration to have been made by them of certain premises to defendants. A lease was admitted in evidence, the party clause being: "Between William G. McCormick, for himself, and as agent of Mrs. Emma L. Smith, Mrs. Anna R. Blair and Lucy V. McCormick, party of the first part, and John Marckwardt and Henry Harms, parties of the second part." There were no covenants therein that indicate that William G. McCormick contracted in the names or on behalf of Mrs. Smith, Mrs. Blair or Lucy V. McCormick, or either or any of them. The *testimonium* clause was: "In witness whereof, the said parties have hereunto set their hands and seals the day and year first above mentioned: signed, W. G. McCormick, John Marckwardt, Henry Harms." The instrument having been offered in evidence was objected to on the grounds, first, it was void on its face; and second, that there was a variance between it and the lease or demise stated in the declaration.

The statement is taken substantially from the opinion by Mr. Justice Baker.

As to the first objection, the court held the word "demise" in the lease *"imported a covenant"* on the part of the lessor or good right to make the lease and implied a covenant for quiet enjoyment. That there being no breach of the covenant, and lessees having enjoyed the premises in quiet possession, they were liable for the rents. On the second objection the court held the declaration having charged the several parties complaining had executed a lease under the terms of which defendants were liable for rent, and the lease disclosing only one of the plaintiffs had executed it, there was a fatal variance. Nothing more is decided by that case. Nothing said in the opinion in principle or otherwise is authority against the case made here by the admitted facts, that the plaintiffs, as trustees, having directed the treasurer of the lodge to pay the taxes, penalties and costs standing as an incumbrance against the lodge's property, they, as its trustees, may not, for the lodge for which they are trustees, recover it from the defendant whose covenant bound him to refund it to the treasurer. Any assumed state of facts supported by the evidence will authorize a recovery before a justice of the peace, no written pleadings being required. For anything presented here, the court properly refused the second proposition. *Moore v. House,* 64 Ill. 162, cited by appellant is not authority for his position.

Under the case made by the stipulation upon which judgment was rendered, we find no reason for disturbing the finding and judgment of the circuit court and it is therefore affirmed.

*Affirmed.*