|110    93|
|80a  686|

THE PEOPLE *ex rel.* Highway Commissioners

*v.*

THE BOARD OF SUPERVISORS OF MCHENRY COUNTY.

*Filed at Ottawa May 19, 1884.*

1. ROADS AND BRIDGES—*county aid in building bridges on demand of a town—conditions to fix liability of the county—the statute construed.* The 110th section of the Road and Bridge law of 1879 does not authorize the county board to pay one-half the cost of bridges already built and paid for by towns, without reference to the requirements of that section.

2. In order to entitle the commissioners of highways of a town to demand of the county board to pay one-half of the cost of a bridge, they must proceed and act under section 110 of the Road and Bridge law of 1879. To hold the county liable, the commissioners should, on ascertaining the cost of the bridge, have applied to the county board for aid before proceeding to build the bridge. If they proceed under section 111, and call an election, and vote to issue town bonds sufficient to raise money enough to build the bridge, this will show that the town has acted without the intention of calling on the county for aid.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of McHenry county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. WILLIAM BARGE, and Mr. B. N. SMITH, for the appellants:

This case, in every material respect, is like that of *People ex rel.* v. *Supervisors*, 100 Ill. 640, where it is held that the county board has no discretion, in a proper case, under section 110 of the Road and Bridge law of 1879. The commissioners having the discretion to say whether a bridge is necessary, it follows they have the power to determine the kind and cost of the bridge, and also whether its construction will be an unreasonable burden on the town. If charged with this discretion, their judgment can not be reviewed. *Brush* v. *Carbondale,* 78 Ill. 74; *Eyman et al.* v. *People,* 1

Gilm. 4; *Garlinghouse* v. *Jacobs et al.* 29 N. Y. 297; *Kingman et al.* v. *County Commissioners,* 6 Cush. 306.

That they are required to settle the character and cost of the bridge, follows from their being required to determine whether its cost "will be more than can be raised in one year by ordinary taxes for bridge purposes," and without fixing the cost they can not decide that the burden will be unreasonable.

Mr. IRA R. CURTIS, Mr. A. B. COON, Mr. T. D. MURPHY, and Mr. E. D. MURPHY, for the appellees:

The evidence is such that the trial court must have found, under the mandate of the Appellate Court, that the bridge in question was built under section 111 of the act of 1879, instead of under section 110.

In this case, where the money had all been expended before the petition was presented, how could the funds then to be raised be expended by and under the joint control, or any unexpended surplus be paid back into the county treasury?

We contend that under any possible view that can be taken under the decision of the Supreme Court in *People ex rel.* v. *Board of Supervisors,* 100 Ill. 640, referred to by appellants' counsel, it is at least doubtful if the relators have clearly brought themselves within and under said section 110. If that be so, according to every principle of law governing *mandamus* proceedings the peremptory writ of *mandamus* asked for should have been denied, and the proceedings dismissed at the costs of the relators, by the court below, and in so doing we claim there was no error for which said judgments of the court below and of the Appellate Court should be reversed in this court. *People* v. *Railroad Co.* 55 Ill. 95; *Commissioners of Highways* v. *Bank,* 66 id. 339; *People* v. *City of Elgin,* id. 507; *People* v. *Klokke,* 92 id. 104; *People ex rel.* v. *Dulaney,* 96 id. 503; *People ex rel.* v. *Johnson,* 100 id. 537.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellants filed in the McHenry circuit court a petition for a writ of *mandamus*, against the county board, to compel it to appropriate $4100, the half of the cost of constructing a bridge across Fox river, in the town of McHenry. On a hearing, the relief was refused, and the petition dismissed. The case was thereupon removed to and heard in the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and the case is brought to this court by appeal.

Appellants claim that the proceeding is under the 110th section of the Road and Bridge law. (Sess. Laws 1879, p. 281.) It provides, that when it shall be necessary to construct a bridge in any town where it would be an unreasonable burthen to it, and the cost of which will be more than can be raised in one year by ordinary taxes for bridge purposes in such town, the commissioners of highways desiring to build such bridge shall present a petition to the county board of the county in which such town is situated, praying for an appropriation to aid in building such bridge, and the board shall, when one-half of the necessary funds have been provided by such town, appropriate the other half: "*Provided,* all unexpended surplus of any appropriation that may be granted by the county under the provisions of this section shall be paid back into the treasury. And all funds provided to be raised under this section shall be expended by and under the joint control of the commissioners of highways of the town asking such aid, and two persons appointed by the county board granting the same."

The 110th section does not authorize the county board to pay one-half the cost of bridges already built and paid for by towns, without reference to the requirements of that section. In this case it does not appear that the town authorities did anything under that section, but built and paid for the bridge

out of funds provided by the town. To have rendered the county liable the commissioners should, on ascertaining the cost of the bridge, have applied to the county board for aid before proceeding to build the bridge. This the statute requires. The towns may borrow money to build such a bridge, under the power granted by the 111th section. From what appears in the record the commissioners seem to have acted under that section, as they complied with its requirements in voting to issue bonds to raise money to build the bridge. Not only so, but the election was held, and the vote was to issue $7500 of bonds, when it was intended to build a bridge to cost no more than $8000. From this action of the town it is manifest the town acted without the intention of compelling the county to furnish aid for the purpose. In fact there is no act which shows any intention of looking to the county for such aid.

The circuit court committed no error in refusing the relief, nor did the Appellate Court in affirming its judgment. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*