## Home Library Association v. Witherow.

50   117
93   ¹222

1. CONTRACTS—*Execution of, etc.*—A contract in writing was signed thus: "E. Y. Loomis (Seal), Agent for the Home Library Association." *It was held*, not to be the contract of the Home Library Association, but the personal contract of Loomis only. His addition as agent of the Home Library Association is merely descriptive.

2. CONTRACTS—*Sealed Instruments—Parties to Suits Therein.*—It is a rule of law that upon a sealed instrument no one but a party thereto can sue or be sued thereon.

Memorandum.—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 1 1893.

The opinion states the case.

PARTRIDGE & PARTRIDGE, attorneys for appellant.

J. H. KREBS and A. W. PULVER, attorneys for appellee

OPINION OF THE COURT, GARY, P. J.

The appellee sued the appellant in assumpsit, basing his action upon this paper:

"This agreement, made and executed this 29th day of September, 1886, by and between E. Y. Loomis, Southern Manager for the Home Library Association, party of the first part, and Ross F. Witherow, party of the second part, witnesseth, that in consideration of the covenants and agreements hereinafter contained to be kept and performed by said parties, the said first party hath appointed and doth hereby appoint the said second party their district manager in Frederick, Alleghany and Garrett counties in Maryland, and Mineral, Grant, Hampshire, Morgan and Hard counties in West Virginia. Such service to be for the term of three years, and shall begin on the 15th day of October, 1886, and end on the 14th day of October, 1889. In consideration of such appointment and the salary hereinafter fixed and allowed, the said second party accepts such appointment

and agrees to enter upon such service on the above named day and territory appointed, and he hereby covenants he will devote his entire time, skill and energy faithfully to such employment during said time. That he will, as fast as possible, employ competent and efficient canvassers to solicit each and every family therein, so far as practicable, to become members of the association; that he will personally superintend such canvass and each of the canvassers, and see that they properly represent the association and attend to their duties, and give to each, from time to time, whatever seems necessary to successfully accomplish the work, and that the said first party shall not be liable for any personal contract made by said second party with such employes, beyond the regular agent's commission of twenty per cent. It is also agreed that said second party shall, when requested so to do, attend any auction sales of books that may occur in his district, for the purpose of purchasing for the association with the money furnished him by them for such purpose, and as per their instructions, any books that may be placed on sale that they may desire. It is also agreed that said second party shall provide, at some central place in his district, a suitable office to transact his said business and to keep a stock of goods, and that he shall put upon the outer door or wall a sign which shall read as follows, viz.: The Home Library Association, Mechanicstown, Maryland, Ross F. Witherow, Manager. It is also agreed that he shall get to commence his work with a stock of not less than $2,500 worth of goods, and that he shall pay at least $1,500 when order is made. It is hereby mutually agreed that the said second party shall at the end of each month retain five dollars (that shall have been paid in during the month) of each paid-up membership fee for the purpose of using to get new goods as they may be desired from time to time, and that he shall, after deducting and retaining the *pro rata* amounts of his hereinafter named salary, from the remaining amount that shall have been paid him, send the surplus that may exist to said first party. In consideration of the aforesaid duties being faithfully performed by said

second party, said first party hereby agrees to pay him a regular yearly salary of $2,000 per year, the same to be paid in regular monthly installments as above stipulated. The said party of the second part covenants and agrees that he will not during such time engage in any other business that will interfere with the proper discharge of his said duties, and that he will so far as lies in his power follow all proper general instructions that may be given him by said first party whatever, relating to the employment of canvassers or agents to the modes of conducting their work, or in relation to any other part of such business, and to report to them weekly the work done by him or the agents or canvassers employed. It is also agreed that said second party shall withdraw from his business all the capital put in by him at the end of this time. It is hereby mutually agreed by and between the parties hereto that if either shall neglect or refuse to fulfill its conditions previous to October 15th, the party so in default shall forfeit to the other the amount ($50) placed by each in the hands of V. B. Osler, as fixed and liquidated damages, which amount under no circumstances shall be considered as penalty.

In witness whereof, the parties to these presents have set their hands and seals, in the year and day first above written.

(Signed)    E. Y. Loomis,    [SEAL.]
Agent for the Home Library Association.
Ross F. Witherow,    [SEAL.]

In the presence of

Van B. Osler."

The theory upon which appellee recovered $1,673.50, was that under the clause in the paper, "it is also agreed that said second party shall withdraw from his business all the capital put in by him at the end of this time," he was entitled to recover from the appellant whatever money he had advanced.

What sort of a scheme was being worked by the parties interested, does not appear from this record; but it does appear that the appellee sent to Hill & Harvey, of Balti-

more, $1,500, and received from them 300 books and 300 certificates of membership in the Home Library Association, of which the appellee gave no account, and all inquiry as to which, on cross-examination of the appellee as a witness, was denied.

First, the paper upon which the appellee relies is not a contract of the appellant; it is the personal contract of Loomis only. His description of himself as "Southern Manager" and "Agent" are merely descriptions.

Second, upon a sealed instrument no one not a party can sue or be sued. Haines v. McCormick, 132 Ill. 104.

If money has come to the possession of the appellant, either in its own office or of agents receiving for the appellant, which the appellee is entitled to upon a full showing of all accounts, we do not decide that he may not recover it; but no such case is made on this record, and the judgment is reversed and the cause remanded.