## People ex rel. Commissioners of Highways of the Town of Sullivan v. Board of Supervisors of Moultrie County.

1. ROADS AND BRIDGES—*Right of Township to Receive Aid in Construction of Bridge—When not Waived.*—It is not discretionary with a county board to grant or refuse aid in building a bridge, when the highway commissioners applying for such aid have done all that the statute requires of them; and the right to an appropriation of an amount equal to one-half of the estimated cost of the bridge accrues when the proper petition is presented and is not waived by the execution of a contract for the construction of the bridge.

**Mandamus,** against a board of supervisors to compel an appropriation in aid of the construction of a bridge. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with directions. Opinion filed September 13, 1897.

SPITLER & BURNS, attorneys for plaintiffs in error.

Under the act of 1883, the Supreme Court held that the application for county aid did not come too late because the commissioners had let the contract. Board of Supervisors of Logan County v. The People, 116 Ill. 466.

A like ruling had been made under the act of 1879. Town of New Boston v. Board of Supervisors of Mercer County, 110 Ill. 197.

The present statute requires the commissioners, when they have determined to ask county aid, to petition the county board, before entering into any contract for work, material or any other expense. It does not require anything more. If they have taken the statutory steps to entitle them to county aid, when they shall have presented the proper petition to the supervisors, then the board of supervisors will have "had their day in court." Upon the refusal of the supervisors to do their duty in granting county aid when the statutory showing is made by the petition, the commissioners will be left entirely free to make the necessary contract and to take any proper action to subserve the public interests.    Hurd's R. S., 1895, chapter 121, section 19; Board of Supervisors of Macon County v. People ex rel., 121 Ill. 616.

They can afterward go into court, and by appropriate proceedings, compel the payment of the amount for which the county is liable. When the highway commissioners have performed the conditions precedent required by the statute before asking county aid, the board of supervisors have no discretion in the matter, but are required by law to appropriate one-half of the cost of the bridge or other structure from the county treasury. People ex rel. v. Board of Supervisors of Iroquois County, 100 Ill. 640; Board of Supervisors of Stark County v. People ex rel., 118 Ill. 459.

Where their petition presented to the county board shows all the facts required by the statute to entitle the commissioners to county aid, the board of supervisors are required to act and have no legal right to reject the petition and refuse county aid, as alleged in this application for mandamus. Board of Supervisors of Champaign County v. Town of Condit, 120 Ill. 301; Board of Supervisors of Macon County v. People ex rel., 121 Ill. 616.

Whether the new steel bridge was necessary, the reasonable amount of its cost, and whether the major part of the levy of road and bridge tax allowed by law for the commissioners to raise, was necessary for the ordinary repair of roads and bridges, were questions to be decided solely by the

commissioners. These questions are jurisdictional, and are left to the commissioners by the statute. Hurd's R. S., 1895, Chap. 121, Sec. 19; People v. Board of Supervisors of Madison County, 125 Ill. 9; The People ex rel. v. Board of Supervisors of Madison County, 125 Ill. 342.

When they have acted upon them and decided them in the affirmative their finding is conclusive. Board of Supervisors of Macon County v. People ex rel., 121 Ill. 616; Town of New Boston v. Board of Supervisors of Mercer County, 110 Ill. 197.

When the commissioners have presented to a regular meeting of the board of supervisors the requisite petition, showing all necessary prior action to have been taken to entitle them to county aid, their right of recovery from the county of one-half of the cost of the bridge, then and there accrues. Board of Supervisors of Logan County v. People ex rel., 116 Ill. 473; Board of Supervisors of Stark County v. People ex rel., 118 Ill. 459.

R. M. PEADRO, attorney for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Plaintiffs in error presented to the Circuit Court a petition for mandamus to compel defendants in error to make an appropriation of $1,000, to aid in the construction of a bridge over Okaw river. The petition shows that the plaintiffs in error, as commissioners of highways, had determined upon the construction of the bridge, had estimated the cost of construction at $2,000, and had petitioned defendants in error to appropriate one-half the sum so estimated from the county treasury as provided by Sec. 19, Chap. 121, entitled, "Roads," etc., but that the defendants in error rejected the petition and refused to make the appropriation.

To the petition for a mandamus, defendants in error filed an answer in the nature of a plea of confession and avoidance, setting up that after the filing of the petition for aid,

and the refusal by the county board, and before the filing of the petition for mandamus, the plaintiffs in error entered into a contract for the construction of the bridge with the Indiana Bridge Company, claiming that they were thereby barred all right of aid from the county. A demurrer was filed to the answer, which was by the court overruled.

Plaintiffs in error stood by their demurrer and the court rendered judgment against them for costs.

In our opinion the plea did not present a good defense to the petition, and the court erred in overruling the demurrer to it.

Plaintiffs in error show by their petition that they had done all that was required of them by the statute when they applied to the county board for aid. It was not discretionary with the county board to grant or refuse the aid when the highway commissioners had done all that the statute required of them. The right to it accrued to the commissioners when they presented their petition on the 10th of September, 1895, and was not waived by their entering into the contract for construction with the bridge company.

The amount of the appropriation to which they are entitled is one-half of the estimated costs, and not one-half of the contract price with the company.

The judgment will be reversed and the cause remanded with directions to the Circuit Court to sustain the demurrer to the answer, with leave to defendants in error to plead again if they desire.

Reversed and remanded.