**Board of Supervisors v. The People ex rel. Commissioners of Highways.**

1. BRIDGES—*County Aid in Building.*—Under Section 19 of the act in regard to roads and bridges in counties under township organization, it is not discretionary with the county board to grant or refuse aid when the highway commissioners have done all that the statute requires of them.

2. SAME—*When the Right to Such Aid is Not Waived.*—The right to such aid is not waived by the commissioners entering into the contract for construction of the bridge with a construction company.

3. SAME—*Amount of Aid Entitled.*—The amount of the appropriation to which they are entitled is one-half of the estimated cost, and not one-half of the contract price with the company

Mandamus.—Trial in the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for relator; appeal by respondents. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

J. R. & WALTER EDEN, attorneys for appellant, contended that as the evidence shows the bridge has been built, the

writ will not issue to compel the county board to take steps preliminary to its being built. The writ will never be ordered in a doubtful case. The court will always refuse to grant it when it is manifest it will be barren and fruitless, or can not have a beneficial effect. Swigert et al. v. County of Hamilton, 130 Ill. 538; see 549.

John V. Burns and Frank Spitler, attorneys for appellee, contended that the statute requires the commissioners, when they have determined to ask county aid, to petition the county board, before entering into any contract for work, material or any other expense. It does not require anything more. If they have taken the statutory steps to entitle them to county aid, when they shall have presented the proper petition to the supervisors then the board of supervisors will have " had their day in court." Upon the refusal of the supervisors to do their duty in granting county aid when the statutory showing is made by the petition, the commissioners will be left entirely free to make the necessary contract and to take any proper action to subserve the public interests. R. S., Chap. 121, Sec. 19; Board of Supervisors v. People ex rel., 121 Ill. 616.

They can afterward go into court and by appropriate proceedings compel the payment of the amount for which the county is liable. When the highway commissioners have performed the conditions precedent required by the statute before asking county aid, the board of supervisors have no discretion in the matter, but are required by law to appropriate one-half of the estimated cost of the bridge, or other structure, from the county treasury. The People v. Board of Supervisors, 100 Ill. 640; Board of Supervisors v. People ex rel., 118 Ill. 459.

Where their petition presented to the county board shows all the facts required by the statute to entitle the commissioners to county aid, the board of supervisors are required to act, and have no legal right to reject the petition and refuse county aid. Board of Supervisors v. Town of Condit, 120 Ill. 301; Board of Supervisors v. People ex rel., 121 Ill. 616.

When the commissioners have presented to a regular meeting of the board of supervisors the requisite petition showing all necessary prior action to have been taken to entitle them to county aid, their right of recovery from the county of one-half of the estimated cost of the bridge then and there accrues. Board of Supervisors v. The People, 116 Ill. 473; Board of Supervisors v. People ex rel., 118 Ill. 459.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a petition against appellants for a peremptory writ of mandamus to require it to appropriate from the county treasury a sum sufficient to meet one-half of the expenses of a bridge over the Okaw river, in the town of Sullivan, Moultrie county, on condition that the town asking such aid shall furnish the other half of the required amount, in accordance with the provisions of section 19 of the act in regard to roads and bridges in counties under township organization.

The petition to the county board for aid by the commissioners, under the provisions of the statute to which we have referred, showed all the facts prescribed by law as prerequisite to the right to such aid, but the county board refused to make the appropriation from the county treasury as the law required. After such refusal by the county board the commissioners of highways, October 19, 1895, entered into a contract with the Indiana Bridge Company to build such bridge, and thereafter, November 1, 1895, filed the present petition for mandamus. Appellant answered the petition, in which answer it relied upon the above stated fact, that the contract had been let for the bridge as precluding the right of the commissioners to thereafter require such appropriation. The court overruled a demurrer to the answer, and appellees abiding by their demurrer, judgment followed against them, from which judgment they appealed to this court where the judgment was reversed for reasons stated in the opinion reported in 71 Ill. App. 348, where it was said:

" Plaintiffs in error show, by their petition, that they have done all that was required of them by the statute when they applied to the county board for aid. It was not discretionary with the county board to grant or refuse the aid when the highway commissioners had done all that the statute required of them. The right to it accrued to the commissioners when they presented their petition on the 10th of September, 1895, and was not waived by their entering into the contract for construction with the bridge company. The amount of the appropriation to which they are entitled is one-half of the estimated cost, and not one-half of the contract price with the company."

Since the cause was remanded to the trial court, appellant obtained leave to amend its answer, in which it is alleged concerning the making of the contract with the Indiana Bridge Company as before, with the additional averment that the bridge had been completed by such company and fully paid for by appellees. Replication was filed to the answer denying its averments, and issue being thus formed, a trial by jury resulted in finding that payment for the bridge had not been made in full and that there was still due on the bridge contract $732.66. After overruling appellant's motion for a new trial the court gave judgment against it, awarding a peremptory writ of mandamus, by which it was required to appropriate $1,000, or so much thereof as may be necessary to aid in the construction of the bridge and for costs of suit, from which judgment appellant has appealed to this court.

To reverse such judgment it is insisted by counsel for appellant that when the county board refused to grant the appropriation, that it was required of the commissioners if they persisted in their demand for county aid, and before they could be entitled thereto, they should have performed, by themselves, without the co-operation of the supervisors, the provisions of the first and second provisos of the statute, which require all contracts to be made by the commissioners and three members of the board of supervisors, a majority vote of the commissioners and three supervisors being necessary to make any contract or incur any expense, and that all expenditures shall be made by

said commissioners and supervisors, and the county board shall not be liable until all the work had been fully com pleted and accepted by said commissioners and super- visors and said facts properly certified to by said super- visors and presented to said county board at a meeting held after the completion of the work, which certificate shall contain an itemized account of the expenditures, and then, after the fulfillment of such requirements, should have made a second application to the county board.

We recognize neither force nor merit in this position. The requirement of the statute we have recited from the provisos of the section were intended by the legislature solely for the benefit of the county board, and where, by its own wrongful refusal to make the appropriation in the first instance, it rendered it legally impossible for these require- ments to be met as contemplated by the law, it would seem an anomaly, if the party in default should be entitled to assert in a court of justice its own dereliction of duty as a defense, or to cast greater burden upon the person to whom such duty was due. It seems to us clear that the commis- sioners did all they were required to do. In truth they per- formed every requirement contained in the provisos, except to certify to the county board the specified facts, and it will be observed, this certificate is required to be made by the supervisors only, an act made impossible by the wrongful act of appellant. The commissioners were entitled to the appropriation when application was made to the county board, as we decided when the case was before us the first time, as may be seen from the quotation above made from our former opinion. By the wrongful refusal of the county board to make such appropriation, the commissioners were forced to the alternative of abandoning the improvement, or constructing it according to the demands of public neces- sity, as they had already decided. They properly chose the latter, and no just reason is apparent why the county board should not also perform that which the law requires them to do.

The case of People ex rel. v. Supervisors, 110 Ill. 93, is

relied upon by counsel for appellant as an authority to sustain their position. We do not understand that decision in the way it has been urged upon us. The bridge in that case was constructed by the town authorities and paid for out of funds provided by the town before any application was made to the county board for aid, and the court said : " To have rendered the county liable, the commissioners should, on ascertaining the cost of the bridge, have applied to the county board for aid before proceeding to build the bridge. This the statute required." This was what the commissioners did in the case presented, and the liability of the county thereby became fixed.

The judgment of the Circuit Court awarding the peremptory writ of mandamus will be affirmed.