## James Jay Sheridan and Paul Blatchford v. James Pease, Sheriff, for use, etc.

1. BONDS—*When Agents are Bound in Their Individual Capacity—Descriptive Recitals.*—Where a replevin bond contained the following recitals—" Know all men by these presents, that we, James J. Sheridan, agent for and in behalf of the Standard Brass Works, as principal, and Paul Blatchford as surety, are bound, etc.," and was executed as follows : " JAMES J. SHERIDAN, Ag't. [SEAL]
    PAUL BLATCHFORD. [SEAL] "—
*it was held* that the instrument was the bond of the person describing himself as agent and that the recitals concerning his agency were merely descriptive.

2. SAME—*When Agents are Personally Bound by Their Bonds.*—The fact that a person in executing a replevin bond describes himself as agent and signs it as agent does not operate any the less to make the same his bond; such recitals are to be regarded as descriptive only.

3. FRAUD—*As a Ground for the Rescission of Sales—Evidence.*—In suits where it is sought to show fraud as a ground for the rescission of sales, the party seeking to establish the fraud is not to be confined to direct and positive proof. It is permitted in such cases to show circumstances which tend to show the fraud.

Debt, on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed February 14, 1901.

**Statement.**—This action was brought upon a replevin bond. The Superior Pump & Windmill Co. bought certain goods from the Standard Brass Works. The former company transferred the goods to the firm composed of the Griswolds, the usees of appellee. The Standard Brass Works replevied the goods from the Griswolds. At the time of the sale to the Griswolds the Superior Pump & Windmill Co. was insolvent. The replevin suit was brought in the name of Standard Brass Works, F. A. Taylor, proprietor, v. Griswold et al., and the goods were recovered by levy of the writ. The suit was dismissed without trial of its merits. This suit was brought by appellee upon the bond given in the former suit, which was executed by appellants. The bond ran in part as follows:

"Know all men by these presents, that we, James J. Sheridan, agent for and in behalf of Standard Brass Works, principal, and Paul Blatchford, as surety, are bound," etc., and is executed as follows:

"JAMES J. SHERIDAN, Agt.    [SEAL]
PAUL BLATCHFORD.            [SEAL]"

The appellants sought, upon the trial, to show that the goods in question, which had been purchased from the Standard Brass Works by the Superior Pump & Windmill Co., were purchased fraudulently and without any intention to pay for the same, and that in carrying out the fraudulent design, the goods had been transferred by the Superior Pump & Windmill Co. to the Griswolds, defendants in the replevin suit and usees of appellee here. The attempt was made to present evidence tending to show that the Griswolds were familiar with the business affairs of the Superior Pump & Windmill Co., knew that it was insolvent when the goods were purchased, and were parties to the fraud. The testimony of one Wise, a former bookkeeper of the Superior Pump & Windmill Co., was proffered, by which it was proposed to show that during several weeks prior to the failure of the Superior Pump & Windmill Co., one of the Griswolds and the manager of the Superior Pump & Windmill Co. were in frequent secret conferences in the private office of the latter; that

Griswold told witness to say nothing to any one of his knowledge of the association of the two men, and that merchandise had been purchased by the Superior Pump & Windmill Co. which never went upon the books of the company, and which was subsequently delivered to Griswold, and that no proceeds of any such transfer to Griswold appeared on the books of the company. It was also sought to show by this witness the amount of assets and indebtedness of the company, *i. e.*, the extent of its insolvency. The court excluded most of this evidence, and at the conclusion of the evidence peremptorily directed a verdict for the plaintiff, appellee here. From judgment upon the verdict this appeal is prosecuted.

James Jay Sheridan and Albert N. Eastman, attorneys for appellants.

S. H. Trude, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellants that as the *narr.* declares upon a bond executed by appellants, and as it appears from the bond offered in evidence that it was executed by appellant Sheridan, as agent, therefore there is a variance between the declaration and the proof which is fatal to a recovery. We are of opinion that this contention can not be sustained. The bond purports to have been executed by appellant Sheridan, not by the Standard Brass Works, or Taylor, the proprietor of the concern. The recital in the bond that Sheridan is an agent and that it is for and on behalf of the Standard Brass Works that he executes the bond, does not operate to make it any the less his bond. These recitals must be regarded as descriptive only. They do not make the bond the deed of any principal acting through Sheridan. Neither the Standard Brass Works nor Taylor, its proprietor, are obligated by the deed. Sheridan, who executed it, is the one who purports to bind himself, and he and the other appellant, as surety, are bound. Stobie v. Dills, 62 Ill. 432; Powers v.

Biggs, 79 Ill. 493; Braun v. Hess, 187 Ill. 283; Home L. Assn. v. Witherow, 50 Ill. App. 117; Rice v. W. F. & E. Co., 64 Ill. App. 603.

Therefore there is no variance.

The other question presented is as to the action of the trial court in excluding evidence.

It was sought by appellants to show circumstances from which it might be inferred that the goods were received by the Griswolds fraudulently. The court refused to permit such evidence to be introduced and peremptorily directed a verdict. In this we think the court erred.

In suits where it is sought to show fraud as a ground for rescission of sales, the party seeking to establish the fraud is not to be confined to direct and positive proof. Such evidence is rarely obtainable in that class of cases. It is permitted in such cases to show circumstances which tend to show the fraud. Cooley on Torts (2d Ed.), p. 557; 1 Jones on Evidence, Sec. 12; Reed v. Noxon, 48 Ill. 323; Phillips v. Kesterson, 154 Ill. 572; Hennequin v. Naylor, 24 N. Y. 139.

This applies both to the establishing of the fraud of the Superior Pump & Windmill Co. in the purchasing of the goods and the participation in the fraud on the part of the Griswolds in the getting of them from that company. The right of the Standard Brass Works to rescind the contract of sale, carried with it the right to take the goods from the Griswolds if it appeared that they were not innocent purchasers but had taken the goods as a part of a fraudulent scheme. The evidence proffered by Wise and excluded by the court tended to such showing. Therefore the trial court should have admitted this evidence and should have submitted to the jury the question of whether fraud had been shown on the part of the Superior Pump & Windmill Co. and the Griswolds.

Other questions presented need not be considered by reason of the conclusion reached.

For the error in the exclusion of evidence, the judgment is reversed and the cause is remanded.