## Chas. A. Macdonald et al. v. Edward L. Bond.

96    116
a195s 122

1. AGENTS—*When Personally Bound by an Agreement.*—The fact that persons in executing an agreement to arbitrate describe themselves as general agents, does not operate to limit their individual liability; such recitals are to be regarded as descriptive only.

2. SAME—*Agents are Bound Unless They Execute the Contract in*

Macdonald v. Bond.

*Name of Their Principal.*—The fact that parties were known to those making the contract to be doing business as agents, does not operate to free them from individual liability upon a contract which they have chosen to execute in their own names and not in the name of their principal.

3. ARBITRATION—*When Agents are Bound by a Submission to Arbitration.*—One who signs a submission to arbitration as agent, without disclosing the name of his principal, is personally bound by the submission.

4. SAME—*Parties Entitled to Notice of Hearings.*—It is doubtless the law that the parties to a submission to arbitration are entitled to notice of any hearings of the matter by the arbitrator.

5. ASSUMPSIT—*The Proper Remedy upon an Award.*—Where an award is merely for the payment of money, assumpsit is the proper remedy; and the fact that such award provides for the exchange of releases as a mutual provision, not so connected with the payment as to make it a condition of such payment, will not render it necessary to set up specially, the tender of the release by the party suing on the award.

**Assumpsit**, on an award. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed July 18, 1901.

Appellants were general agents of the Reliance Marine Insurance Company of England, with their offices at Chicago, Illinois, and appellee was the local agent of said Company at Montreal, Canada. A dispute having arisen between them as to matters concerning insurance business, it was agreed by them that the controversy should be submitted to the arbitration of Arthur W. Smith, an employe of the Reliance Company. The agreement to arbitrate is in the form following:

" Whereas, controversies exist and have existed between the firm of C. A. Macdonald & Co., General Agents, of Chicago, State of Illinois, and Edward L. Bond, of Montreal, Canada, in relation to divers subjects, accounts, debits and credits, resulting from marine insurance transactions had between them.

Now, therefore, we, the said firm of C. A. Macdonald & Co. and Edward L. Bond do hereby mutually covenant and agree to and with each other, to submit all and all manner of actions, cause and causes of action, accounts, suits, controversies, claims and demands whatsoever now pending, existing or held by and between us, to Arthur W. Smith, of 62 Wall street, in the city and State of New York, as arbitra-

tor, who shall arbitrate, award, adjust, settle, order, judge
and finally determine concerning the same, with power to
award the payment of the costs and expenses incurred in
such arbitration, and we do hereby mutually covenant and
agree that the said arbitrator shall charge and collect an
adequate and suitable sum of money for his services as arbi-
trator herein, and shall determine in his award herein which
of us, the parties hereto, shall pay the same.

Further, we hereby authorize the said arbitrator to em-
ploy such counsel or legal assistance as he may deem
necessary to assist him in deciding any and all questions
submitted to him by virtue hereof, and to apportion and
charge the cost thereof between us or to either one of us.

And we do mutually covenant and agree to and with
each other that the award to be made by said arbitrator,
including compensation to himself and his counsel, if coun-
sel be by him deemed necessary, shall in all things and in
every respect, by us and each of us, and by the executors
and administrators and assigns of us and all of us, be well
and faithfully kept, observed and performed. Provided,
however, that such award be made in writing under the
hand of the arbitrator ready to be delivered to us or either
of us on or before the 31st day of July, 1898."

The firm of Macdonald & Co., who executed this agree-
ment under seal, seems to have been then composed of C. L.
Macdonald and Captain Rardon.

After the agreement to arbitrate was entered into, Smith,
the arbitrator, proceeded to examine the books, accounts
and papers pertaining to the controversy which were in
the possession of appellee at Montreal, and afterward made
similar examination of books, accounts and papers in the
office of appellants at Chicago. It does not appear whether
appellants were present when the examination was made
in appellee's office, or whether they had notice of the time
when such examination would be made by the arbitrator.

The arbitrator made the following award :

" Whereas, matters in controversy between the firm
of C. A. Macdonald & Co., of Chicago, Illinois, and
Edward L. Bond, of Montreal, Canada, were submitted
by them to the undersigned, Arthur W. Smith, as arbitra-
tor, as by their submission in writing, bearing date the 20th
day of June, 1898, more fully appears, now, therefore, I,

the arbitrator mentioned in said submission, having had proofs from the parties and having examined the matter in controversy by them submitted, and having found that the sum of nineteen hundred and twenty-six 60-100 dollars is due and owing to the said Edward L. Bond from the said firm of C. A. Macdonald & Co. over and above all claims or demands due and owing the said firm of Macdonald & Co. from the said Edward L. Bond, do make this award in writing, that is to say: the said firm of C. A. Macdonald & Co. shall pay or cause to be paid to the said Edward L. Bond the sum of nineteen hundred and twenty-six 60-100 dollars at the city of Montreal, Canada, within ten days from the date hereof, in full payment, discharge and satisfaction of and for all moneys, debts, demands and claims whatsoever due or owing from them, the said firm of C. A. Macdonald & Co., to the said Edward L. Bond, at any time before the date of said submission.

"I further award that the sum of five hundred and ninety-two dollars, being the expenses and charges incident to this arbitration, shall be paid by the said firm of C. A. Macdonald & Co. and said Edward L. Bond; the said firm of Macdonald & Co. paying two hundred and ninety-six dollars thereof, and the said Bond paying two hundred and ninety-six dollars thereof.

"And I further award, that the said firm of C. A. Macdonald and the said Edward L. Bond shall, within ten days next ensuing date hereof, execute and deliver to each other, under seal, mutual and general releases of all actions, cause and causes of action, suits, controversies, claims and demands whatsoever for or by reason of any matter, cause or thing from the beginning of the world down to the date of said submission.

"In witness whereof I have subscribed these presents this 30th day of July, 1898."

This award is executed under seal by the arbitrator.

Appellants refused to pay the sum awarded to appellee, and appellee brought this suit in assumpsit to recover the same. The *narr.* consists of the common counts only.

The Reliance Marine Insurance Co. had, in 1890, made Thomas G. Crosby and Charles A. Macdonald, of Chicago, Illinois, its attorneys in fact by power of attorney, which contained, among other powers, the following:

"And the said company do hereby authorize their said

attorney and attorneys to settle and adjust, pay and dis-
charge all claims for losses arising from any policies of
insurance effected for and on behalf of the said company,
which have been or shall be made payable in Chicago,
aforesaid, and when and so often as they shall think fit to
submit all or any disputed claims for arbitration, and to
enter into any agreement or bond for that purpose, and to
submit to and abide by the award to be made in pursuance
thereof."

Upon the trial of this cause a jury was waived and the
issues were submitted to the court. The court found the
issues for appellee and assessed his damages at $2,112.80.
From judgment thereon this appeal is prosecuted.

C. E. KREMER and C. W. GREENFIELD, attorneys for appel-
lants.

REMY & MANN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Counsel for appellants urge that the judgment should be
reversed upon the following grounds: First, that the
agreement to arbitrate and the award of the arbitrator are
not binding upon appellants personally; second, that the
award is not a valid award; and third, that the recovery
could not in any event be had under the common counts.

Upon the ground first noted, it is argued that appellants
executed this submission as agents of the Reliance Marine
Insurance Co., a corporation, and not in their own behalf.
This contention can not be sustained, for several reasons.
The appellants, whatever may have been their intention,
did not obligate any principal by the agreement, and they
did bind themselves.

The submission does not purport to be executed by the
Reliance Company through appellants as its agents. That
company is not named or referred to in the agreement.
The description of appellants as " general agents " does not
operate to limit their individual liability. It is merely
*descriptio personœ*, and it does not even describe them as
the general agents of any particular company. The evi-

dence discloses that they were general agents of more than one insurance company.   Sheridan v. Pease, 93 Ill. App. 219, and cases therein cited.

The fact that appellants were known to appellee to be doing business as agents, does not operate to free them from individual liability upon a contract which they have chosen to execute in their own behalf and not in the name of their principal.   Scaling v. Knollin, 94 Ill. App. 443, and cases therein cited.

And the general rule as to liability of agents applies as well to a contract of this sort as to any other.   Winsor v. Griggs, 5 Cush. 210.

The foregoing consideration disposes of this contention, but in addition thereto it may be said that the power of attorney, from which the supposed authority of appellants to make this submission for the Reliance Insurance Company is derived, does not purport to empower appellants at all, but one Crosby and C. A. Macdonald.   The firm of Macdonald & Co., now composed of C. A. Macdonald and Captain Rardon, who entered into the agreement of submission, acquired no authority through this power of attorney to obligate the Reliance Insurance Company.

There is a conflict in the evidence as to whether the matters submitted to arbitration covered insurance business in the Reliance Marine Insurance Co. only, or also other matters.   But whether it was so limited or not, this agreement binds the appellants individually to abide by the award, and it does not bind the Reliance Marine Insurance Company.

Upon the ground secondly urged, it is contended that the award is invalid because it does not appear that appellants had any notice to appear at the hearings before the arbitrator, i. e., at the examinations of books, papers and accounts made by him.   It is doubtless the law that the parties to a submission to arbitration are entitled to notice of any hearing of the matter by the arbitrator.   Morse on Arbitration and Award, page 117.

But we can not hold this award invalid upon this ground.

It is enough to say in this behalf, without discussing the manner of the attack upon the validity of the award, that the evidence does not disclose that the arbitrator failed to give appellants proper notice of all hearings and proceedings under the submission. In the absence of showing to the contrary, it will be presumed that the proceedings were regular, and that appellants had due notice. All intendments go to the support of the award. Seaton v. Kendall, 171 Ill. 410.

If appellants had proper notice, it is of no consequence that they may not have attended the hearing.

The third contention is that the recovery could not be had under the common counts. It is true that anciently, debt, and not assumpsit, would lie at the common law to recover upon an award. But in the later common law practice there was departure from this rule, and the action of assumpsit came to be recognized as proper in a suit upon an award. Freeman v. Bernard, 1 Ld. Raymond, 247; Purslow v. Bailey, 2 Ld. Raymond, 1039.

It is now established that when the award is merely of a sum of money to be paid, assumpsit will lie, and the count on an account stated is sufficient. 2 Tidd's Practice, 834; 1 Chitty's Pleadings, 359; Morse on Arbitration, 579; Keene v. Batshore, 1 Espinasse, 194; Bates v. Curtis, 21 Pick. 247.

Under our practice the fact that the submission was by deed and not by parol, would not control.

But it is contended that inasmuch as this award not only provided for a money payment but as well for the exchange of releases, the latter is to be regarded as a sort of condition precedent to be performed by appellee upon his part before recovery of the money awarded could be had, and therefore that a special count is necessary to set up such performance, *i. e.*, the tender of the release by appellee. We think this contention can not be sustained. The mutual exchange of releases is a separate provision of the award, not so connected with the money payment as to make it a condition of the payment. The award of the money payment stands by itself, without any concurrent act to be

done by the appellee.   Therefore the recovery of the money awarded could be had without any averment by appellee of a readiness to perform or a performance of any other act.   Nichols v. Rensalaer Co., 22 Wend. 125; Dudley v. Thomas, 23 Calif. 365.

The money payment having been adjudged, and there being nothing further to be done on the part of appellee to entitled him thereto, the recovery was properly allowed under the common counts.   I. M. F. Ins. Co. v. Archdeacon, 82 Ill. 236, and cases therein cited.

The foregoing consideration disposes of all questions raised by counsel upon the rulings of the trial court on propositions of law presented.

Finding no error in the procedure, and the finding of the trial court being fully warranted by the evidence, the judgment is affirmed.