## Charles E. Walker, Appellee, v. County of Vermilion, Appellant.

1. ROADS AND BRIDGES—*when town may demand aid of county.* Sections 13, 14 and 19 of the Road and Bridge Act construed together, provide that whenever a town has levied 40 cents of the 60 cents which section 13 authorizes upon the $100, it is then in position to demand county aid, if it in other respects has met the requirements of the statute.

2. ROADS AND BRIDGES—*when county cannot raise question of absence of determination by highway commissioners of necessity for construction of bridge.* After a county has entered into a contract which it had power to make for the construction of a bridge, it is no longer in position to set up a technical irregularity in the exercise of that power as against one with whom it has thus dealt.

3. COUNTY—*what not defense to action upon contract for construction of bridge.* A county cannot defend as against a contract for the construction of a bridge into which it has entered upon the ground that the three supervisors appointed had not filed an itemized statement of the cost of the bridge and had never certified to the county that such bridge had been accepted by them.

4. COUNTY—*what contract of, rather than of individual supervisors.* Held, that the contract in suit in this case was one of the county, who was defendant, and not that of the individual supervisors.

5. COUNTY—*what not defense to action upon contract for construction of bridge.* A county cannot defend as against a contract which it has made for the construction of a bridge upon the ground that the contract price of such bridge was less than the estimated price as fixed by the highway commissioners in their petition to the county board and because the cost of the bridge was not an amount more than 20 cents on each $100 of taxable property as shown by the latest assessment roll.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

J. W. KEESLAR and W. T. GUNN, for appellant.

LAWRENCE T. ALLEN and O. M. JONES, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Ver-

milion county against appellant to recover one-half the cost of a bridge alleged to have been built by appellee under a contract with the county board of Vermilion county and the commissioners of highways of Grant township in said county. There was a trial had before the court without a jury and judgment rendered in favor of appellee in the sum of $968.40. The county appealed.

The case was tried upon a stipulation of facts from which it appeared that at the September term, 1904, of the county board of Vermilion county the commissioners of highways of said Grant township presented their petition for county aid in building a bridge in which the commissioners represented that a bridge and approaches thereto needed to be built over the north fork of the Vermilion river in said town, for the building of which said town was wholly responsible; that the total cost of building said bridge would be $3,500, which was more than twenty cents on the $100 on the latest assessment roll of said town, and that the levy of the road and bridge tax for the two preceding years in said town was in each year for the full amount of forty cents on each $100 allowed by law for the commissioners of highways to raise, the major part of which was used for ordinary road and bridge purposes; that upon receipt of this petition it was referred by the board to its committee on bridges, who reported thereon at the following December term of the board that they had examined the site and found that the bridge was needed; that there was a good road leading to the bridge from either way which could not be used without a bridge; that upon the making of this report the county board, upon motion, referred the report to the same committee with power to act; that following this action upon the part of the board the said bridge committee met the highway commissioners of said town of Grant and organized for the purpose of awarding a contract for the building of such bridge, and, after having advertised and received bids for the

same, on January 12, 1905, made a contract in writing with I. J. Walker to construct such bridge at a cost of $1,828, one-half thereof to be paid by said town of Grant and the other one-half by the county board; that said bridge, together with the cost of the approaches and extras, cost in all $2,916.28, which according to the specifications was to be built under the supervision and inspection of Ira O. Baker; that for two years prior to the filing of the petition by the highway commissioners the road and bridge tax in Grant township was for the full amount of forty cents on each $100 allowed by law for the commissioners to raise; that said commissioners had appropriated $2,500 to be used for the construction of the said bridge and other bridges in said town; that at the time of the presentation of the petition to the county board there was in the treasury of said township in the road and bridge fund the sum of $4,909.17; that the county board had never appropriated any sum to meet the payment of one-half the expense of the bridge, nor paid anything thereon; that the contract for the construction of the bridge was by I. J. Walker assigned to Charles Walker, the appellee; that after the completion of the bridge said Baker made an itemized statement of the expense of the bridge which was forwarded to the county board upon which said board refused to act; that for the year 1903 the total assessed valuation of said township was $1,583,257; for the year 1904, $1,477,248 and about the same for the year 1905; that the contract between the county and the commissioners on one side and Walker on the other was signed by the county committee as follows: "J. M. Carter, S. W. Claypool, Bridge Committee of Board of Supervisors;" that said bridge had never been accepted by said county board or any bridge committee on the part of said board, or by said three supervisors, and that at the time said bridge was completed said three supervisors were not then in office, their term of office having expired.

Appellant first contends that under the showing made in the stipulation the said town was not in position to demand aid from the county in the construction of the bridge because the commissioners of highways had not, in their petition, stated that they had levied a tax in each of the two preceding years of 100 cents on each $100 assessed valuation, but had levied a tax of only forty cents upon the $100; that sections 13 and 14 of the Road and Bridge Act, when construed together with section 19 of said act, required such tax to have been one hundred cents and not forty cents only upon each $100.

We do not so interpret those sections. Section 14 has reference to a tax which the commissioners can levy to meet an emergency or contingency that may arise making it necessary to levy a tax in addition to that authorized by section 13, which increased levy of forty cents over the sixty cents allowed by section 13 can only be made with the consent in writing of the board of town auditors and the assessors. Section 13 provides for extending the annual road and bridge tax and for the payment of any outstanding order which, for both such purposes, shall not exceed sixty cents on each one hundred dollars.

Section 19 provides that when the levy of the road and bridge tax for two years last past in said town has been in each year for the full amount of forty cents on each $100 allowed by law for the commissioners to raise, the major part of which is needed for ordinary repair of roads and bridges, the county may be asked for aid. This does not mean that the town must have levied a tax up to its limit under sections 13 and 14, but that whenever a town has levied forty cents of the sixty cents which section 13 authorizes upon the $100, it is then in position to demand county aid, if it in other respects has met the requirements of the statute.

Appellant next argues that before the highway commissioners can ask aid from the county there must

have been a determination by the commissioners that a necessity existed for the construction of the bridge and cites People *ex rel.* v. Madison County, 125 Ill. 342, as a controlling case upon this point. There was a case in *mandamus* by the commissioners to compel aid and not a suit upon a contract by one who had built a bridge under employment of the county. Under the stipulation made the county board would seem to have treated the statement in the petition of the highway commissioners "that a bridge and approaches thereto needs to be built over the north fork of the Vermilion river," which was approved by the bridge committee, as conclusive upon this question, and since the engagement upon the part of the county was one which the county board had power to make and did make, and received the benefits thereof, it is in no position to set up a technical irregularity in the exercise of that power as against one with whom it has thus dealt. Badger v. Inlet Drainage District, 141 Ill. 540; County of Coles v. Goehring, 209 Ill. 170; East St. Louis v. East St. Louis Gas Co., 98 Ill. 415; Westbrook v. Middlecoff, 99 Ill. App. 327.

Appellant next contends that the county should not be held to a performance of its contract because the three supervisors appointed had not filed an itemized statement of the cost of the bridge and had never certified to the county board that said bridge had been accepted by them. This argument is without merit in view of the fact that the term of office of such supervisors serving on the bridge committee had expired at the time the bridge was completed. Appellee cannot be held to be in default because the county board failed to appoint or name other supervisors to act instead of those whose term had expired.

Appellant next contends that the contract sued on is not the contract of the county but is the contract of the three supervisors in their individual capacity and cites Sheridan v. Pease, 93 Ill. App. 219, in support of that claim. In that case Pease as sheriff brought suit

on a replevin bond which Sheridan as agent on behalf of the Standard Brass Works as principal had signed and sealed in his individual capacity, and it was held that as to Pease the bond was the bond of Sheridan and not the bond of the Standard Brass Works. The case is very different from the one at bar. There suit was brought by the obligee named in the bond and not by or against the party whom Sheridan, as agent, represented. All that can be claimed for that case in the matter now before us is that Walker at his election could have maintained suit against the supervisors in their individual capacity, upon the contract. The right was one personal to Walker and cannot avail the county board whose agents the supervisors were in all they did in connection with the contract.

It is also urged by appellant that no recovery should be had against the county because the contract price of the bridge was less than the estimated price as fixed by the highway commissioners in their petition to the county board and because the cost of the bridge was not in amount more than twenty cents on each $100 of taxable property as shown by the latest assessment roll. The former of these questions was before this court in People ex rel. Commissioners of Highways v. Board of Supervisors, 71 Ill. App. 348, where it was held that the estimated cost and not the contract price determined the right to county aid. Whether or not the commissioners of highways had truthfully represented the levy of a tax or taxes in their town and have truthfully represented that the costs of the proposed bridge will exceed twenty cents on the $100 in their petition presented to the board, are matters which the board had power to determine from an investigation made by the members or from their own knowledge. Macon County v. The People, 121 Ill. 616-622. This investigation, in our judgment, should have been made by the board before it authorized its bridge committee to make a contract with appellee to do the work sued for.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*